410 A.2d 299

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Howard OLSEN, Appellant.**

Supreme Court of Pennsylvania.

Submitted Dec. 10, 1979.

Decided Feb. 1, 1980.

500

David R. Eshelman, Asst. Public Defender, for appellant.

Charles M. Guthrie, Jr., Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

In March of 1968, Howard Olsen was convicted by a jury in Berks County of assault and battery, assault with intent to ravish, indecent assault, kidnapping for extortion, and five separate counts of conspiracy. A motion in arrest of judgment of the convictions of kidnapping and two conspiracy charges was later sustained. Olsen was sentenced, on the convictions not arrested, to imprisonment in a state institution for a total term of six years and eight months to fifteen years, these sentences to run consecutively to a sentence of twenty-five years imprisonment imposed earlier in a federal court following conviction of charges arising from the same incident. No appeal was then entered.

In October 1975, Olsen instituted an action seeking post-conviction relief. After a counseled evidentiary hearing, Olsen was granted permission by the trial court to file an appeal *nunc pro tunc* limited to the issue of the legality of the sentences. All other relief was denied. Olsen then filed two appeals in the Superior Court challenging the legality of the sentences, as well as the order of the trial court denying post-conviction relief. The appeals were consolidated and a divided Superior Court affirmed. *Commonwealth v. Olsen*, 247 Pa.Super. 513, 372 A.2d 1207 (1977). We granted allocatur.

Olsen maintains that his waiver of the assistance of counsel at trial and his failure to file "post-verdict motions" were not "voluntary, knowing and intelligent." We conclude an intelligent evaluation of these complaints is impossible from the present record.

It appears that Olsen represented himself at trial, but was given the opportunity of counsel and advice by a public defender at the direction of the court. The transcribed notes of the trial do not disclose the circumstances under which Olsen was permitted and proceeded to represent himself and, hence, it is impossible to determine if Olsen waived his right to counsel effectively. In its opinion

denying post-conviction relief, the hearing court judge, who was also the trial judge, stated "that the defendant [Olsen] came into the courtroom for trial prepared to represent himself and insisted on doing so, although advised by the trial judge that he had a right to have counsel appointed for him if he so desired." This statement is not, without more, adequate to establish an effective waiver of the constitutional right to trial counsel. However, whether this issue has been preserved for review depends upon whether or not Olsen withdrew his post-verdict motion for a new trial knowingly and understandingly. Cf. *Commonwealth v. Via*, 455 Pa. 373, 316 A.2d 895 (1974).

■ As noted before, Olsen represented himself at trial. Post trial he appeared in court with the public defender as his counsel. Counsel made an oral motion to arrest certain of the convictions. The motion was sustained. Then in answer to questions by his counsel, Olsen told the court that, after discussions with his counsel, he "did not want to proceed with the motions for a new trial," and "I have no desire to file a motion for a new trial." Unfortunately, however, the record does not show whether or not Olsen was made aware of the effect his withdrawal of the motion for a new trial would have on appeal.[1]

Although an *on-the-record* colloquy of the effect of a waiver of post-verdict motions on a defendant's right to appeal was not required until after July 1973, see the current Pa.R.Crim.P. 1123, we have required that the defendant be made aware of the effect of a waiver of post-verdict motions on his right to appeal in order for the defendant to make a knowing and voluntary waiver of his right to file post-verdict motions. Under this earlier rule, the defendant need not have been explicitly advised on the record in a colloquy; however, the record must show somewhere that the defendant was aware of the appellate consequences of a

---

1. If Olsen had been informed of his right to appeal and effectively waived this right, this deficiency in the record might not be significant; however, the record does not substantiate an effective waiver of the right to appeal.

waiver before he could be said to have made a knowing and intelligent waiver of his right to file post-verdict motions. See *Commonwealth v. Schroth*, 458 Pa. 233, 328 A.2d 168 (1974).

■ Olsen also complains the trial court did not state of record the reasons for ordering that his state court sentences run consecutively to the sentence imposed in the federal court on charges arising out of the same incident. It is urged that our rulings in *Commonwealth v. Riggins* [hereinafter: *Riggins*], 474 Pa. 115, 377 A.2d 140 (1977), mandate a resentencing.

The sentencing requirement in *Riggins* was announced on August 17, 1977. Olsen was sentenced in March 1968. He did not file a timely appeal from the sentences, but was subsequently given permission to appeal *nunc pro tunc.* We must consider, therefore, whether Olsen is entitled to have *Riggins* applied to judgments of sentence imposed some nine years before *Riggins* was decided. We conclude not. In *Commonwealth v. Faison*, 437 Pa. 432, 264 A.2d 394 (1970), this Court considered whether Faison could raise on direct appeal, the appeal having been filed *nunc pro tunc* as a result of post-conviction proceedings, issues based on constitutional rights enunciated subsequent to the imposition of Faison's original judgment of sentence. The Court held that:

> "an appellant may press on a *nunc pro tunc* appeal an issue premised on a constitutional right which was enunciated subsequent to his original judgment of sentence, provided that this right has been given such retroactive effect that it would have been available to appellant had an appeal been timely filed."

*Commonwealth v. Faison*, supra, 437 Pa. at 441, 264 A.2d at 399. Although the instant matter does not involve the application of subsequently announced *constitutional* rights, the reasoning in *Commonwealth v. Faison*, supra, is nevertheless applicable. The sentencing court should not be expected to anticipate the application of a sentencing requirement announced nine years after judgments of sentence had been imposed.

■ Olsen also argues that the requirements of Pa.R.A.P. 1925(a) and former Superior Court Rule 46 necessitate a result similar to that reached in *Riggins*. We disagree.

Pa.R.A.P. 1925(a) requires the judge who entered the order appealed from to state the reasons for the order if they do not already appear in the record. Pa.R.A.P. 102 defines "order" to include "sentence." These rules may support Olsen's argument; however, they were not in effect when Olsen was sentenced or when he filed the direct appeal from the judgment of sentence *nunc pro tunc.*

■ Olsen's reliance on former Superior Court Rule 46 (abrogated by Pa.R.A.P. 5102, effective July 1, 1976) is also without merit. Rule 46 provided as follows:

"Upon entering his appeal, appellant shall serve notice thereof on the opposite party or his counsel; on the stenographer who took the testimony, if the official transcript thereof has not been filed; also on the judge who made any ruling or entered any order, judgment or decree, of which appellant complains and the reasons for which do not already appear of record; and shall promptly file in the court below proof of the service of such notices. A failure to comply with this rule and promptly to serve notice on the court below, with a concise statement of the matters complained of and regarding which it is alleged the reasons therefor do not appear of record, may be considered as a waiver of all objections to the ruling, order, judgment or decree in question. On the receipt of the notice here required, the official stenographer shall forthwith proceed to have his notes transcribed, approved and filed and the court below shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the ruling, order, judgment or decree therein referred to . . . ."

The record before this Court fails to disclose any compliance with Rule 46 by Olsen. The record fails to show that Olsen filed proof of the notices required by the rule, served notice on opposing counsel or served notice on the stenographer. The trial transcript had not been filed prior to Olsen's direct

appeal of his judgment of sentence *nunc pro tunc.* While Olsen's appointed counsel did file notice of a *nunc pro tunc* direct appeal of the judgments of sentence pursuant to a local rule of the Berks County Court of Common Pleas on March 9, 1976, that rule did not require reasons to be stated by the trial court for the judgments of sentence imposed.[2]

The order of the Superior Court is vacated, and the record is remanded to the trial court for the purpose of determining, in proper proceedings, if Olsen's failure to file post-verdict motions was knowing and understanding. If not, then the filing of post-verdict motions should be permitted *nunc pro tunc.* Olsen may file a new appeal from any adverse order entered after this date in the trial court.

LARSEN and FLAHERTY, JJ., dissent.

---

2.  Section 488 of the Berks County Rules of Court provides in pertinent part:

    "In every appeal from an order or decree of this court to which no post-trial motions or exceptions were filed but such appeal is taken directly to an appellate court, appellant's counsel shall, immediately upon taking the appeal, file of record a concise statement of the matters complained of and intended to be argued on appeal . . . so that an appropriate opinion may be prepared and filed."