419 A.2d 1208

COMMONWEALTH of Pennsylvania

v.

**Joseph GAITO, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1979.

Filed April 18, 1980.

Joseph Gaito, Jr., appellant, in pro per.

Charles W. Johns, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before SPAETH, MONTGOMERY and LIPEZ, JJ.

LIPEZ, Judge:

This is an appeal from a judgment of sentence imposed on September 6, 1978, in a resentencing proceeding conducted because appellant was denied his right to counsel at his original sentencing in 1959. Appellant had been convicted by a jury in 1959 of burglary, assault with intent to kill, and violation of the Firearms Act. After the jury trial, post–verdict motions were filed and denied by the trial judge. A ten to twenty year sentence was imposed for burglary, with a consecutive three–and–a–half to seven year sentence for assault with intent to kill. Sentence was suspended for the Firearms Act violation. On direct appeal, this court affirmed. *Commonwealth v. Gaito*, 195 Pa.Super. 356, 172 A.2d 184 (1961), *allocatur refused*, 196 Pa.Super. xxxi, *cert. den'd*, 368 U.S. 998, 82 S.Ct. 623, 7 L.Ed.2d 535 (1962).

Over the past two decades, the proceedings in connection with appellant's requests for relief from his 1959 convictions to a variety of federal and state courts, as well as other official bodies, have been numerous and extensive. We will confine our discussion to the procedural history germane to the resentencing order before us in this appeal. In 1976 appellant's minimum sentences for both the burglary and

assault with intent to kill were commuted to zero days by the Honorable Milton J. Shapp, Governor of Pennsylvania, on recommendation of the Board of Pardons. On August 24, 1978, the court below entered an order reciting that the United States District Court for the Western District, acting on a habeas corpus petition filed by appellant, had issued an order dated July 18, 1978, requiring that appellant be resentenced with counsel within sixty days on the 1959 convictions for burglary and assault with intent to kill. The August 24 order of the court below accordingly went on to appoint counsel for appellant for the resentencing proceeding, which it scheduled for September 6, 1978.

The transcript of the resentencing hearing indicates that appellant appeared with his appointed counsel, and an assistant district attorney represented the Commonwealth. The prosecutor began the hearing by explaining to the sentencing judge [1] why the resentencing proceeding was being held. The sentencing judge asked what the original sentence had been, and appellant's appointed counsel [hereinafter "sentencing counsel"] said, "Thirteen and a half to 27 years." The prosecutor then explained that there had been consecutive sentences of ten to twenty years and three–and–a–half to seven years; that the effect of the 1976 commutation had been to make appellant eligible for immediate parole, which was soon granted; that shortly after his parole, appellant was arrested for a firearms violation; that appellant's eventual conviction of that violation resulted in a two–and–a–half to five year sentence,[2] which appellant was then serving. The following colloquy ensued:

"[THE COURT]: What are you asking the Court to do today?

1. Although the cover of the transcript of the resentencing proceeding indicates that two judges presided at the resentencing, only one judge made all statements on the record, imposed the sentence and signed the opinion of the court below. We will refer to him as the sentencing judge.

2. Parole board records indicate that the actual minimum sentence for the firearms violation was two years.

[PROSECUTOR]: I'm asking the Court to reimpose the sentence that Judge Clark [the 1959 trial judge] imposed upon Mr. Gaito originally.

[THE COURT]: That is the three and a half to seven.

[PROSECUTOR]: And the 10 to 20, so that ultimately what we will have is when Mr. Gaito is placed on parole once again having satisfied Judge Ziegler's sentence [the firearms violation sentence which appellant was then serving] will have the maximum sentence hanging over his head for a means of control. That is what I'm asking."

The sentencing judge then told appellant he could make a statement before sentence was pronounced. Appellant gave a rambling discourse containing many vague and confusing references, the relationship of which, both to the case and to each other, is not readily apparent. The sentencing judge asked sentencing counsel whether he had anything to add to his client's remarks, and counsel replied, "No. I'm just reviewing the petition that has just been given by Mr. Gaito he wishes to present." Other than his earlier answer concerning the length of the original sentence, these are the only words of sentencing counsel appearing in the transcript.

The sentencing judge imposed consecutive sentences of ten to twenty years and three–and–a–half to seven years, stating his reasons as follows:

"The reason for that sentence, Mr. Gaito, is, of course, your notorious past record and the severity of the crimes, the crime of burglary being a felony, first degree, one of the most serious crimes in Pennsylvania, crime of assault with intent to kill being about as close to the crime of murder as you can possibly get."

The judgment of sentence was entered on the same day, September 6, 1978.

Unrepresented by counsel in this appeal, appellant himself has prepared and filed a voluminous brief. In a style more marked by liveliness than lucidity, this brief raises multifarious issues, which may be divided into two categories: (1) errors related to appellant's 1959 trial; and (2) errors in the

1978 resentencing proceeding. All contentions in both categories were also strenuously urged in a document styled "MOTION FOR NEW TRIAL AND FOR ARREST OF JUDGMENT," which appellant also prepared himself and filed in the court below on September 13, 1978. On the day of resentencing, September 6, 1978, appellant filed another self–prepared document entitled, "DEFENDANT'S OBJECTIONS TO RESENTENCING AND TO INCORPORATE AFTER DISCOVERED EVIDENCE, THE KNOWING FALSE AND PERJURED TESTIMONY BY THE COMMONWEALTH." This document vigorously pointed out all alleged errors up to the time it was filed.

 The Commonwealth contends that appellant is not entitled to raise any issues concerning alleged trial errors in this resentencing proceeding. We agree. Appellant's remedy, if any, for errors which caused his initial convictions is a proceeding under the Post Conviction Hearing Act (PCHA).[3] Section 2 of the PCHA provides:

"This act establishes a post–conviction procedure for providing relief from convictions obtained and sentences imposed without due process of law. The procedure hereby established shall encompass all common law and statutory procedures for the same purpose that exist when this statute takes effect, including habeas corpus and coram nobis. However, nothing in this act limits the availability of remedies in the trial court or on direct appeal." 19 P.S. § 1180–2 (Supp. 1979–80).

Under this section, appellant could only raise his claims of trial error in post–verdict motions, rather than a PCHA proceeding, if some other provision of law gave him the right to file the motions. At the time appellant filed his "MOTION FOR NEW TRIAL AND FOR ARREST OF JUDGMENT" in the court below, Pennsylvania Rule of Criminal Procedure 1123(a) provided that a defendant had the right to file written post–verdict motions within ten days "after a finding of guilt," not after a judgment of sentence. Obviously this time is long past.

3. Act of January 25, 1966, P.L. (1965) 1580, §§ 1 *et seq.*, 19 P.S. §§ 1180–1 *et seq.* (Supp. 1979–80).

■ The only other way appellant would be able to raise his trial error claims in post–verdict motions in the court below would be by obtaining from the court an order granting the right to file post–verdict motions as though timely filed, but such an order must itself be obtained by way of a PCHA proceeding. *See* PCHA § 3(c)(10), 19 P.S. § 1180–3(c)(10) (Supp. 1979–80); Pa.R.Crim.P. 325, superseded effective July 1, 1979 by Pa.R.Crim.P. 1123(f), 9 Pa.Bull. 1524, 1529; *Commonwealth v. Morris*, 486 Pa. 391, 406 A.2d 337 (1979); *Commonwealth v. Webster*, 466 Pa. 314, 353 A.2d 372 (1975). The 1978 resentencing proceeding was conducted in order to correct the denial of appellant's right to counsel at his original proceeding. "Resentencing in no way affects the underlying convictions." *Commonwealth v. Speelman*, 235 Pa.Super. 109, 115, n.4, 341 A.2d 138, 141, n.4 (1975). All of appellant's claims concerning errors in his convictions, including claims of failure to preserve those issues for direct appellant review, must be raised in a PCHA proceeding, and we will not consider them in this appeal from the 1978 resentencing order.[4]

4. We emphasize that our holding that these claims must be raised in a PCHA proceeding in no way implies any view on whether appellant would be able to meet any or all of his burdens under section 3 of the PCHA, 19 P.S. § 1180–3 (Supp. 1979–80). In particular, we *intimate no view whatsoever* concerning whether any of these issues are waived or finally litigated because of any action or inaction at the pre–trial, trial, post–trial or direct appeal stages of this case, or in any previous or pending PCHA, federal habeas corpus, or other proceeding. *See generally Commonwealth v. Fernandez*, 487 Pa. 493, 495, 410 A.2d 296, 297–98 (1980) (citing applicable cases and statutory provisions).

We also note that our refusal to consider the claims of trial error together with errors in the resentencing is entirely consistent with the procedure followed in *Commonwealth v. Olsen*, 487 Pa. 499, 503, 410 A.2d 299, 301 (1980). In that case, a PCHA petitioner was granted the right to file an appeal nunc pro tunc limited to the issues of legality of his sentences. The PCHA court denied other relief. The petitioner filed two appeals, one the limited appeal nunc pro tunc authorized by the PCHA court, and the other an appeal from the denial of the petitioner's other claims in the PCHA proceeding. These two appeals were consolidated, and the issues considered by both the Superior Court and the Supreme Court. The petitioner in that case raised all his claims initially in a PCHA proceeding. With respect to sentencing errors, he took a valid appeal pursuant to the

■ To the extent that appellant's "MOTION FOR NEW TRIAL AND FOR ARREST OF JUDGMENT" attacks the validity and propriety of the resentencing proceeding, we treat it as a timely motion to modify sentence, which was automatically denied by the sentencing judge's failure to act on it within 30 days of the entry of the judgments of sentence. See Pa.R.Crim.P. 1410 & Comment. Appellant contends that because of the 1976 commutations by Governor Shapp, the resentencing constituted double jeopardy and violated the doctrine of separation of powers. With respect to the minimum sentences, appellant is correct. The court below could not impose minimum sentences in excess of zero days, the terms to which they had been commuted by Governor Shapp. The Governor's power to commute sentences, on recommendation of the Board of Pardons, is exclusive, and courts may not in any way impinge on the exercise of this power. Pa.Const., art. IV, § 9; *Commonwealth ex rel. Cater v. Myers*, 412 Pa. 67, 71, 194 A.2d 185, 187 (1963), *cert. den'd*, 376 U.S. 933, 84 S.Ct. 704, 11 L.Ed.2d 653 (1964). There could hardly be a clearer impingement on the governor's commutation power than reimposition of a sentence exceeding the term to which the governor had commuted it.

■ Governor Shapp's commutation, however, covered only the minimum sentences. No action was taken with respect to the maximum sentences of twenty and seven years. Therefore reimposition of those sentences was clearly not an encroachment on the governor's commutation power. Neither did the reimposed maximum sentences constitute double jeopardy, because they did not exceed the original sentences. *Commonwealth v. Silverman*, 442 Pa. 211, 275 A.2d 308 (1971). There is also no merit to appellant's contention that the court lacked jurisdiction to correct

PCHA court's order. With respect to his other claims, he properly appealed the denial of relief in a PCHA proceeding, which was the correct way to have raised those claims. Here there has been no denial of PCHA relief for appellant to take an appeal from. All that is before us is an appeal from the judgment of sentence imposed in the resentencing proceeding.

errors in the original sentencing proceeding after expiration of the term of court and the appeal time from the original judgment of sentence. *Commonwealth ex rel. Perrotta v. Myers,* 203 Pa.Super. 287, 290, 201 A.2d 292, 293 (1964), *allocatur refused,* 203 Pa.Super. xxxiii; *Commonwealth v. Downer,* 161 Pa.Super. 339, 342, 53 A.2d 897, 899–900 (1947).

█ Appellant also contends that his appointed counsel for the resentencing proceeding was ineffective. We agree. During the entire resentencing proceeding, sentencing counsel's only statements were that the original sentence had been thirteen–and–a–half to twenty–seven years, and that he was looking at a copy of a petition appellant had handed him. Sentencing counsel failed to raise the argument that reimposition of the original minimum sentences would encroach on the governor's commutation power. He also failed to object to the sentencing judge's dispensing with a pre–sentence report without stating his reasons on the record for doing so, as required by Rule of Criminal Procedure 1403 A(2). *See Commonwealth v. Mathis,* 269 Pa.Super. 61, 67, 409 A.2d 63, 66 (1979). Sentencing counsel also did not object to the sentencing judge's statement of reasons for the sentence, which failed to meet the requirement of demonstrating that the statutory sentencing guidelines had been accorded weight. *Commonwealth v. Butch,* 487 Pa. 30, 407 A.2d 1302 (1979). No reasonable basis is apparent for sentencing counsel's failure to raise these issues. We also do not understand why appellant is unrepresented by counsel in this appeal, because we cannot locate in the record a petition to withdraw by sentencing counsel, or a waiver by appellant of his right to counsel in this appeal.

Therefore, we will vacate the judgment of sentence, and remand for a resentencing proceeding complying fully with Chapter 1400 (Sentencing) of the Pennsylvania Rules of Criminal Procedure and all applicable provisions of the Sentencing Code, 18 Pa.C.S. §§ 1301 *et seq.* The court below is directed to appoint new sentencing counsel to represent

appellant throughout the resentencing proceeding, including any appellate processes.[5]

Judgment of sentence vacated, and case remanded for resentencing consistent with this opinion.

5. The court below is also directed on remand to have a certified copy of the federal court's order mandating this resentencing proceeding made a part of the record.