J-S33029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLARK KITCHELL | : | |
| | : | |
| Appellant | : | No. 1927 MDA 2018 |

Appeal from the PCRA Order Entered October 23, 2018
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0001292-2011

BEFORE:  LAZARUS, J., OTT, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 04, 2019**

Clark Kitchell appeals from the order entered October 23, 2018, in the Luzerne County Court of Common Pleas denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Kitchell seeks relief from his resentence of 94 to 188 months' imprisonment, and three years' consecutive probation imposed on April 28, 2017,[2] after his jury conviction of involuntary deviate sexual intercourse ("IDSI") with a child less than 13 years old.[3]  Concomitant with this appeal, counsel has filed a motion to withdraw

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] As will be discussed *infra*, Kitchell was originally sentenced on January 9, 2013, but obtained relief from that sentence *via* a prior PCRA petition.

[3] **See** 18 Pa.C.S. § 3123(b).

and **Turner**/**Finley**[4] "no merit" letter. Because we conclude Kitchell's petition was untimely filed, and he failed to plead or prove any of the time-for-filing exceptions, we affirm the order denying relief and grant counsel's petition to withdraw.

The facts and procedural history underlying this appeal are well known to the parties and not pertinent to the issue raised herein. In summary, on October 18, 2012, a jury found Kitchell guilty of one count of IDSI with a child. He was sentenced on January 9, 2013, to a mandatory minimum term of 10 to 20 years' imprisonment. Although Kitchell was not classified as a sexually violent offender under Pennsylvania's Sexual Offender Registration and Notification Act ("SORNA"),[5] he was still required to register as a Tier III sex offender for the duration of his life. **See** 42 Pa.C.S. § 9799.14(d). His judgment of sentence was affirmed by a panel of this Court on direct appeal, and the Pennsylvania Supreme Court denied his request for allowance of appeal on July 30, 2014. **See Commonwealth v. Kitchell**, 100 A.3d 299

---

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[5] **See** 42 Pa.C.S. §§ 9799.10-9799.42. SORNA II was enacted in 2018. Subchapter H, 42 Pa.C.S. §§ 9799.10-9799.42, was enacted on February 21, 2018, and applies to those who commit sexual offenses on or after December 20, 2012. On June 12, 2018, Subchapter I, 42 Pa.C.S. §§ 9799.51-9799.75, was enacted to apply to offenders who committed a sexual offense on or after April 22, 1996, but before December 20, 2012. **See** 2018, Feb. 21, P.L. 27, No. 10, § 5.2, imd. effective ("Act 10"); Reenacted 2018, June 12, P.L. 140, No. 29, § 4, imd. effective. ("Act 29").

(Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 96 A.3d 1026 (Pa. 2014).

Following litigation of a timely PCRA petition, a panel of this Court granted Kitchell relief on his claim that the mandatory minimum sentence imposed was illegal pursuant to ***Alleyne v. United States***, 133 S.Ct. 2151 (U.S. 2013). ***See Commonwealth v. Kitchell***, 168 A.3d 355 (Pa. Super. 2017) (unpublished memorandum). Accordingly, the panel vacated Kitchell's judgment of sentence and remanded for resentencing. On April 28, 2017, the trial court resentenced Kitchell to a term of 94 to 188 months' imprisonment, followed by three years' probation. His lifetime registration requirement did not change. Kitchell did not appeal that sentence.

However, on March 23, 2018, Kitchell filed the present PCRA petition seeking, *inter alia*, relief from his SORNA registration requirements pursuant to ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017), *cert. denied*, 138 S.Ct. 925 (U.S. 2018). Counsel was appointed, and filed a brief addressing Kitchell's ***Muniz*** claim on May 3, 2018. The PCRA court conducted a hearing on July 23, 2018, and, subsequently entered an order denying relief on October 23, 2018. This timely appeal follows.[6]

---

[6] We note that following the denial of PCRA relief, appointed counsel filed the notice of appeal, as well as a motion requesting the PCRA court appoint new counsel for litigation of the appeal. ***See*** Motion for Appointment of Appellate Counsel, 11/19/2018. The PCRA court granted the motion, and appointed present counsel on January 7, 2019. Present counsel then filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal on January 16, 2019, prior to being ordered to do so by the PCRA court the following day.

Before addressing the merits of this appeal, we must first consider whether counsel has fulfilled the procedural requirements for withdrawal. *Commonwealth v. Muzzy*, 141 A.3d 509, 510 (Pa. Super. 2016). Pursuant to *Turner*/*Finley* and their progeny:

> Counsel petitioning to withdraw from PCRA representation must … review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> * * *
>
> [W]here counsel submits a petition and no-merit letter that … satisfy the technical demands of *Turner*/*Finley*, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted).

Here, our review reveals counsel has substantially complied with the procedural aspects of *Turner*/*Finley*. Although he filed a brief, as opposed to a "no merit" letter, counsel's brief properly lists the issues Kitchell wishes to be reviewed and explains why they are meritless. *See* Kitchell's Brief at 6-8. Furthermore, counsel provided Kitchell with a copy of the brief and the petition to withdraw, and advised him of his right to proceed *pro se* or with

private counsel. **See** Petition to Withdraw as Counsel, 4/24/2019. Kitchell has not responded to counsel's petition. Therefore, we proceed to a consideration of whether the PCRA court erred in dismissing the petition. **See Doty**, **supra**.

Kitchell raises two related claims on appeal, both of which challenge his registration requirements under SORNA. First, he argues that, pursuant to **Muniz**, SORNA constitutes an unconstitutional *ex post facto* law when applied to defendants like him, who committed their crimes prior to its enactment.[7] Further, he contends SORNA II, enacted in 2018, is also unconstitutional as applied to him. **See** Kitchell's Brief at 5.

By way of background, on July 19, 2017, the Pennsylvania Supreme Court filed its decision in **Muniz**, in which it held SORNA's registration provisions constitute punishment, and, therefore, the retroactive application of those provisions to offenses committed prior to SORNA's effective date (December 20, 2012), violates the *ex post facto* clauses of the federal and Pennsylvania constitutions.[8] **Muniz**, **supra**, 164 A.3d at 1193. In

---

[7] "[T]the critical inquiry for determining whether the application of SORNA to a convicted sex offender violates *ex post facto* prohibitions is the date of the offense." **Commonwealth v. Wood**, 208 A.3d 131, 136 (Pa. Super. 2019) (*en banc*). Here, the record reveals Kitchell sexually abused the victim between November of 2009 and April of 2010.

[8] **Muniz** was a plurality decision. Justice Dougherty authored the Opinion Announcing the Judgment of the Court ("OAJC"), holding: (1) SORNA's registration requirements constitute punishment; (2) the retroactive application of the registration requirements violates the *ex post facto* clauses

*Commonwealth v. Rivera-Figeroa*, 174 A.3d 674 (Pa. Super. 2017), a panel of this Court held that because *Muniz* announced a new substantive rule for which "there was a significant risk that a defendant faced a punishment the law cannot impose[,]" the decision "should be retroactively applied in state collateral courts  to comply with the United States and Pennsylvania Constitutions."  *Id.* at 678.  Therefore, defendants who successfully raise *Muniz* in a timely PCRA petition are entitled to relief.

Here, the PCRA court determined Kitchell was not entitled to relief because the application of SORNA did not alter his reporting status.  *See* PCRA Court's Opinion, 3/14/2019, at 4.  Indeed, under both Megan's Law III, which was in effect at the he committed the offenses, and SORNA, Kitchell was required to register as a sex offender for his lifetime.  *See id.*  Therefore, the

---

of the United States and Pennsylvania Constitutions; and (3) Pennsylvania's *ex post facto* clause provides greater protection than its federal counterpart. *See Muniz*, 164 A.3d at 1193, 1223.  Justices Baer and Donahue joined the OAJC in full.  Justice Wecht filed a Concurring Opinion, joined by Justice Todd, which joined those parts of the OAJC concluding the registration requirements constitute punishment, and their retroactive application runs afoul of Pennsylvania's *ex post facto* clause.  However, he disagreed with the OAJC's holding that the Pennsylvania Constitution provides greater protection than the federal constitution, and, additionally, stated he would decline to address the federal claim.  *See id.* at 1224.  Justice Saylor authored a Dissenting Opinion in which he concluded SORNA is not punitive.  Justice Mundy did not participate in the decision.

court concluded "[t]here is no violation of *ex post facto* because [Kitchell] was not subjected to any increase in penalty."[9] *Id.* at 5.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Mitchell***, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). However, "an appellate court is not bound by the rationale of the trial court and may affirm on any basis if the record supports it." ***Commonwealth v. Diaz***, 183 A.3d 417, 421 (Pa. Super. 2018), *appeal granted*, 199 A.3d 347 (Pa. 2018).

Although neither the PCRA court nor counsel addressed the timeliness of Kitchell's petition, we do so *sua sponte* since the "PCRA's time restrictions are jurisdictional in nature" and affect this Court's "very power to adjudicate

_____

[9] Panel decisions of this Court seem to be split on this issue. **Compare *Commonwealth v. Haughwout***, 198 A.3d 403, 405 (Pa. Super. 2018) (no ***Muniz*** violation when defendant was already subject to lifetime registration under Megan's Law I), *appeal denied*, 207 A.3d 905 (Pa. 2019), with ***Commonwealth v. Horning***, 193 A.3d 411, 416-417 (Pa. Super. 2018) (registration under SORNA violates ***Muniz*** even though defendant would have been required to register for lifetime under Megan's Law II; although registration period remained the same, SORNA "augment[ed] the registration requirements … which included quarterly in-person reporting and the posting of [] personal information on the Pennsylvania State Police website"), *appeal denied*, 204 A.3d 370 (Pa. 2019), and ***Commonwealth v. Adams-Smith***, 209 A.3d 1011, 1022-1023 (Pa. Super. 2019) (although convictions carried lifetime registration under Megan's Law III and SORNA, imposition of SORNA violated *ex post facto* clause because of increased reporting requirements). Because we conclude Kitchell's PCRA petition was untimely filed, we need not address this issue.

a controversy." ***Commonwealth v. Robinson***, 139 A.3d 178, 185 (Pa. 2016).

A PCRA petition must be filed within one year of the date the underlying judgment becomes final. ***See*** 42 Pa.C.S. § 9545(b)(1). Here, Kitchell's original judgment of sentence was final on October 28, 2014, 90 days after the Pennsylvania Supreme Court denied Kitchell's petition for allowance of appeal, and he failed to file a petition for writ of *certiorari* in the Unites States Supreme Court. ***See*** United States Supreme Court Rule 13. Therefore, he had until October 28, 2014, to file a timely PCRA petition, and his present petition, filed on March 23, 2018, is patently untimely.

However, as noted above, Kitchell obtained relief from an illegal sentence through a timely PCRA petition filed on February 2, 2015. Presumably, both the PCRA court and Kitchell believed Kitchell's April 28, 2017, resentencing reset the clock for purposes of filing a first PCRA petition. We disagree.

In ***Commonwealth v. McKeever***, 947 A.2d 782 (Pa. Super. 2008), a panel of this Court concluded a federal court's grant of *habeas corpus* relief with respect to two of the defendant's convictions, did not permit the defendant to challenge his non-vacated convictions following resentencing. The panel explained:

> [A]s we held in ***Commonwealth v. Dehart***, 730 A.2d 991, 994 n. 2 (Pa. Super. 1999)[, *appeal denied*, 745 A.2d 1218 (Pa. 1999)], **a successful first PCRA petition does not "reset the clock" for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted**

J-S33029-19

**in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only.** We reached this conclusion because the purpose of the PCRA is to prevent an unfair conviction. *Id.*, 730 A.2d at 994 n. 2. This conclusion applies with even greater force to the case before us.

Although Appellant successfully challenged his corrupt organizations convictions and sentences successfully in federal court, the remainder of his convictions, each having a distinct sentence, were not disturbed by the Eastern District Court's grant of habeas corpus relief or by the trial court when it vacated the corrupt organizations sentences in its resentencing order. Further, while it is correct that Appellant had an absolute constitutional right to appeal his judgment of sentence entered after the Eastern District Court's grant of habeas corpus relief, *see* Pa. Const. Art. V, § 9, in that direct appeal, he was permitted to raise issues pertaining only to the re-sentencing procedure itself; his underlying claims of trial error regarding his non-vacated convictions could not be addressed on direct appeal from re-sentencing. *See Commonwealth v. Gaito*, 277 Pa.Super. 404, 419 A.2d 1208, 1211, 1211 n. 4 (1980). Therefore, for purposes of the PCRA, those convictions and their sentences became final on October 2, 1995. *Cf. Dehart*, 730 A.2d at 994 n. 2 (grant of PCRA relief per se in first petition does not "reset clock" of finality of judgment of sentence; "clock" is reset only where direct appeal rights are restored or original conviction is disturbed). Our conclusion is wholly supported by the principle that, where a defendant is convicted of multiple charges and sentenced on those charges separately, his appellate challenge to one of the sentences, to the exclusion of the others, does not affect the operation of the other sentences. *See Commonwealth v. DeBooth*, 379 Pa.Super. 522, 550 A.2d 570, 573 n. 2 (1988).

*McKeever*, *supra*, 947 A.2d at 785–786 (emphasis supplied).

Here, Kitchell's registration requirements under SORNA were unaffected by the sentencing relief granted pursuant to the PCRA petition he filed in February of 2015. Accordingly, that part of his sentence was "final" for purposes of PCRA relief on October 28, 2014, and his present petition is untimely.

- 9 -

Nevertheless, an untimely PCRA petition may still be considered if a petitioner pleads and proves that one of the three time-for-filing exceptions applies.[10] **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). A PCRA petition alleging any of the exceptions under Section 9545(b)(1) must be filed within 60 days of when the PCRA claim could have first been brought.[11] **See** 42 Pa.C.S. § 9545(b)(2). "The PCRA squarely places upon the petitioner the burden of

---

[10] Section 9545(b) provides, in relevant part:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

[11] Subsection 9545(b)(2) was recently amended to extend the filing period to one year from the date the claim could have been presented. **See** Section 3 of Act 2018, Oct. 24, P.L. 894, No. 146, effective in 60 days. However, the extended time period applies only to claims arising on or after December 24, 2017. **See id.** Accordingly, it is inapplicable here.

proving an untimely petition fits within one of the three exceptions." **Commonwealth v. Jones**, 54 A.3d 14, 17 (Pa. 2012). Here, Kitchell failed to invoke any of the time-for-filing exceptions in his PCRA petition, and counsel failed to address this claim in his "no-merit" brief. Accordingly, no relief is warranted.

Nevertheless, even if we were to consider the timing exceptions set forth in Section 9545(b)(1), we would still conclude Kitchell is entitled to no relief. His claim focuses on the Supreme Court's decision in **Muniz**, which held the application of SORNA's registration requirements to offenders who committed their crimes before the effective date of the statute constitutes an *ex post facto* punishment. Accordingly, the only time-for-filing exception that might apply is the newly recognized constitutional right exception set forth in Subsection 9545(b)(1)(iii).[12] However, this Court has held **Muniz** does not satisfy this PCRA timing exception. In **Commonwealth v. Murphy**, 180 A.3d 402 (Pa. Super. 2018), *appeal denied*, 195 A.3d 559 (Pa. 2018), we explained that in order to satisfy the newly recognized constitutional right exception, the new right must have been held to apply retroactively by either the Pennsylvania or United States Supreme Court. **See id.** at 405. The panel

---

[12] Kitchell's claim does not assert governmental interference, and "[o]ur Supreme Court has held that subsequent decisional law does not amount to a new fact under section 9545(b)(1)(iii) of the PCRA." **Commonwealth v. Brandon**, 51 A.3d 231 (Pa. Super. 2012) (internal punctuation omitted), *quoting* **Commonwealth v. Watts**, 23 A.3d 980 (Pa. 2011).

found "[b]ecause at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on *Muniz* to meet that timeliness exception." *Id.* at 406 (footnote omitted). *See also Commonwealth v. Johnson*, 200 A.3d 964, 966-967 (Pa. Super. 2018). The same is true here.

Therefore, because we conclude Kitchell's present PCRA petition was untimely filed, and he failed to satisfy any of the time-for-filing exceptions, we affirm the order denying him PCRA relief. Moreover, because we agree with counsel's assessment that this appeal is without merit, we grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/04/2019