64

Andrew Beers, Appellant *v.* Mount Pleasant Township, Appellee.

Argued October 29, 1976 and reargued January 31, 1977, before Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

*Gary Robert Fine,* with him *Alex E. Echard* and *Peter P. Cherellia,* for appellant.

*Leslie J. Mlakar,* with him *Loughran, Loughran & Mlakar,* for appellee.

OPINION BY JUDGE ROGERS, March 14, 1977:

Andrew Beers has appealed from an order of the Court of Common Pleas of Westmoreland County, made after trial de novo, affirming a judgment of conviction sought and obtained by appellee, Mt. Pleasant Township (Township), in summary proceedings before a Justice of the Peace.[1]

Junkyard operations in Mt. Pleasant. Township, a township of the Second Class, are regulated by its Ordinances numbered 35, 54 and 55. Ordinance No. 35 was enacted for the specific purpose of regulating junkyards and requires that junk dealers have their premises licensed by the Township prior to doing business. Other stated requirements are as follows: that the licensed premises shall not be maintained so as to constitute a nuisance or a breeding place for vermin; that all gasoline be drained from junked vehicles; that materials shall be stored so as to prevent accumulation of stagnant water; that the premises be properly fenced; and that no junkyard shall be established without first obtaining approval from the Township Supervisors.

Ordinance No. 54 was enacted May 7, 1973 and amended the penalty provision of Ordinance No. 35 to read:

> Any person who shall violate any of the provisions of this ordinance, shall, upon conviction thereof be sentenced to a term of no less than one day nor more than seven days in

---

[1] By earlier order in this case we dismissed the appellant's appeal herein. *Beers v. Mount Pleasant Township,* 367 A.2d 326 (1976). We subsequently granted reargument. By our order herein we will vacate our earlier order.

any jail in Pennsylvania. However, in the discretion of the judicial authority, in lieu of sentencing, the violator may be. sentencd to pay a fine of not more than One Hundred Dollars plus costs of prosecution: PROVIDED, each day's violation of any of the provisions of this ordinance shall constitute a separate offense.

Ordinance No. 55 creates flood plan conservation districts and' affects junkyards because they are prohibited to be established within said districts.

On September 12, 1973, the Township filed a complaint with a Justice of the Peace alleging that the appellant was operating a junkyard without a license.[2] After hearing, the Justice entered a judgment of conviction and imposed a fine of $100 and costs of $11. Mr. Beers then appealed the judgment to the Court of Common Pleas and trial de novo was held on August 20 and 23, 1974, at which the following facts were adduced: Mr. Beers had, since 1960, conducted junkyard operations at various locations in the Township without a license though licensure was required by ordinance; that in early September of 1973, without first applying for a license[3] and without notice to or approval by the Township Supervisors, Mr. Beers commenced junkyard operations in the Carpentertown Mine area (Carpentertown) of Mt. Pleasant Township; that Mr. Beers occupies said property under a lease-purchase agreement; that the property is subject to periodic flooding from the overflow of Brush Creek which runs adjacent to appellant's junkyard; that said

[2] Second Class Townships are empowered to license junkyards by Section 702 of The Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §65758.

[3] Beer's counsel, however, made application for a license in his letter dated October 2, 1973, *after* commencement of action before the Justice.

premises is within a flood plain district established pursuant to Ordinance No. 55; and that Ordinance No. 55 prohiibts the presence of a junkyard within such a district.

On August 23, 1974, the trial judge affirmed the Justice's judgment of conviction. Although no pleading we can find in the record asked for such relief, the trial judge ordered Mr. Beers to cease and desist junkyard operations at Carpentertown. Moreover, the judge substituted for the Justice's fine of $100, a seven day prison term, execution of which he stayed until October 23, 1974. An additional seven days of incarceration for each day appellant's junkyard remained in the same location after October 23, 1974 was also imposed. Mr. Beers did not appeal this order.

On October 29, 1974, the Township filed a Petition for Rule To Show Cause, the purport of which was that Beers be held on contempt for failing to comply with the order of August 23, 1974. A hearing was conducted on May 1, 1975 at which it was established that not only had Mr. Beers failed to cease operating but that he had expanded his junkyard business at Carpentertown.

The trial judge modified his order of August 23, 1974 and in lieu of imprisonment ordered that "the defendant, Andrew Beers, shall pay a fine of fifty dollars per day so long as he shall continue to operate a junkyard on the subject premises each and every day that he continues in operation effective May 2, [1975]."[4]

---

[4] The trial judge later granted appellant an additional hearing which was held on February 20, 1976. The purpose was to give appellant the opportunity to produce new evidence demonstrating the alleged unconstitutionality and invalidity of Ordinances 35, 54 and 55. Appellant's presentation wholly failed in this regard and

68

The appellant makes weighty arguments concerning the alleged unconstitutionality of the township's flood plain ordinance, No. 55. We do not reach this subject. The complaint filed with the Justice of the Peace in September 1973 alleged a violation of Ordinance No. 35 by reason of the appellant's establishment of a junkyard without first having obtained a license from the township. The Justice quite properly found Mr. Beers guilty of this offense and rendered judgment of fine against him in the amount authorized as a maximum by the penalty clause of Ordinance No. 35, *as amended* by Ordinance No. 54—to wit, $100 and the costs of prosecution. The matter began to become unraveled when the trial judge, apparently following the alternate penalty fixed by amending Ordinance No. 54, imposed a conditional jail sentence by his order of August 23, 1974. More difficulty was created by the trial court's second order of early May 1975 prescribing a new and different penalty, that of a fine of $50 a day. Neither a judgment of a sentence of imprisonment nor that of a daily fine is authorized by statute as a penalty for violation of a Second Class Township ordinance. Clause XXV of Section 702 of The Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §65741, provides only that Boards of Supervisors may prescribe fines and penalties not exceeding $300 for the violation of an ordinance. The same section provides that a defendant may be sentenced to imprisonment only in default of the payment of the fine or penalty. Therefore, both the Mt. Pleasant junkyard ordinance's authorization and the trial judge's imposition of sentence of imprisonment for violation were contrary to law. So also was the trial judge's second order of

---

his showing was only a repetition of facts and testimony adduced at the August 1974 trial de novo.

fine in the amount of $50 a day, no such daily fine or penalty being authorized by the statute. In this regard, comparison can be made with Section 616 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10616, providing that each day of violation of a zoning ordinance constitutes a separate offense.

We are therefore compelled to reverse the order of the trial court and to remit the record for a proper order, which would consist of a finding of the appellant's guilt of establishing his junkyard without a license in violation of township Ordinance 35 and the imposition of a fine of not more than $100 plus costs of prosecution as *validly* provided by the penalty clause of Ordinance No. 35, *as amended* by Ordinance No. 54. *Commonwealth v. Alton,* 209 Pa. Superior Ct. 168, 224 A.2d 792 (1966); *Commonwealth v. Young,* 184 Pa. Superior Ct. 658, 135 A.2d 774 (1957).

We have said before, and repeat here, that equity provides a much more effective means of enforcing municipal ordinances than summary conviction proceedings.

### ORDER

AND Now, this 14th day of March, 1977, it is ordered that our Order in this matter made December 1; 1976 be and it is vacated; and that the record be and it is remanded for order by the trial court consistent with this Opinion.