Andrew Beers, Appellant *v.* Mount Pleasant Township, Appellee.

Argued September 14, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT.

*Gary R. Fine,* with him *Alex E. Echard,* for appellant.

*Leslie Mlakar,* with him *Loughran, Loughran & Mlakar,* for appellee.

OPINION BY JUDGE ROGERS, October 3, 1977:

In October 1969, the Board of Supervisors of Mount Pleasant Township, Westmoreland County, adopted Ordinance No. 35 combining a number of earlier Ordinances regulating the business of dealing in junk and the establishment and maintenance of junkyards. In early 1973, Andrew Beers who had conducted junkyard businesses in other locations in Mount Pleasant Township for some years, allegedly without complying with Ordinance No. 35, established a new

junkyard in the township near the community of Carpentertown. The Township charged Beers before a Justice of the Peace with the summary offense of violating Ordinance No. 35[1] by establishing the new junkyard at the Carpentertown location without having applied for or obtained a license as required by that ordinance. The Justice of the Peace before whom the complaint was filed, after hearing, fined Beers the sum of $100 plus costs of $11. Beers appealed this judgment to the Court of Common Pleas of Westmoreland County. A description of what then ensued in that court is to be found in *Beers v. Mount Pleasant Township*, 29 Pa. Commonwealth Ct. 64, 370 A.2d 807 (1977). There, for the reasons stated in our opinion, we remanded the record to the Court of Common Pleas of Westmoreland County for disposition of the appeal in accordance with The Second Class Township Code[2] and Ordinance No. 35 which Beers had been found to have violated. The court below thereupon entered the same judgment as had the Justice of the Peace—that of a fine of $100 and costs of $11. Beers has again appealed.

Ordinance No. 35 is a wholly unremarkable junkyard Ordinance adopted pursuant to Section 702 cl. XII of The Second Class Township Code, 53 P.S. §65712. It regulates the conduct of such businesses both generally and particularly and requires persons to apply for and obtain a license before going into business anywhere in the Township. The ordinance also imposes an annual license fee in the amount of $50 for each junkyard. Extensive hearings were con-

---

[1] Beers was also charged with violating Ordinance No. 54, an amendment to Ordinance No. 35 providing a jail sentence as a punishment alternative to the fine of $100 provided by Ordinance No. 35.

[2] Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §65101 et seq.

ducted in the court below which Beers concedes established that he started the Carpentertown enterprise without a license. Understandably, the Justice of the Peace and the court below found that Beers had committed this, the only offense with which he was charged.

If we understand his argument and brief, Beers contends that the Mount Pleasant Township regulations are overbroad and deny him his fundamental right to pursue what he calls his chosen profession; that the supervisors improperly denied him a license which he applied for after this complaint was filed; and that the $50 license fee was disproportionate to the cost of reviewing his application and was therefore an illegal tax.

The regulation to which Beers refers, other than Ordinance No. 35 and the one he principally attacks, is Ordinance No. 55 which establishes a flood plain area in Mount Pleasant Township where certain land uses, including junkyards, are prohibited. Beers says Ordinance No. 55 is a zoning regulation without zoning safeguards and unreasonably restricts him in the use of his rented Carpentertown property. Clearly this attack on Ordinance No. 55 is without relevance to this case. Beers was not here charged with violating Ordinance No. 55 by establishing a junkyard in a flood plain; he was charged with violating Ordinance No. 35 by establishing a junkyard in the Township without obtaining a license. Beers' attack upon Ordinance No. 35 as excessive, confiscatory and otherwise unlawful is simply ineffective. That Ordinance is altogether reasonable and clearly operates within the scope of powers delegated to the Township supervisors by The Second Class Township Code.

Beers misapprehends the reason for the $50 annual license fee. It is for the administration of the ordinance generally, not for reviewing applications for li-

censes. We find nothing in the record suggesting that it was intended to produce or indeed did produce revenue in excess of the cost of regulating junkyards in Mount Pleasant Township.

Beers' remaining complaint—that he was improperly denied a license—is also misplaced in this case. He was not denied a license before these proceedings commenced; indeed, he never asked for a license until after this action was begun.

Order affirmed.

### ORDER

AND Now, this 3rd day of October, 1977, the order of the court below made March 24, 1977 is affirmed.