487 A.2d 380

**COMMONWEALTH of Pennsylvania**

v.

**Robert J. SHENKIN.**

Superior Court of Pennsylvania.

Submitted March 20, 1984.

Filed Jan. 9, 1985.

518

Helen T. Kane, Assistant District Attorney, Media, for Commonwealth, appellant.

Robert J. Shenkin, West Chester, appellee, in propria persona.

Before SPAETH, President Judge, and BECK and TAMILIA, JJ.

BECK, Judge:

While traveling on West Chester Pike in Newtown Township, Delaware County, appellee Robert Shenkin's vehicle was clocked at 66 miles per hour by an officer of the Newtown Township Police Department using a speed timing device known as the Excessive Speed Preventer ("E.S. P.") Model TK 100.[1] The posted speed limit at the relevant location on West Chester Pike is 40 miles per hour. Appellee was issued a citation for exceeding the posted speed limit in violation of section 3362 of the Vehicle Code, 75 Pa.C.S. § 3362.

Appellee was found guilty of the offense of speeding in a summary trial before a district justice. He filed a timely appeal from the judgment of the District Court. At the non-jury trial de novo in the Court of Common Pleas of Delaware County, Shenkin demurred to the Commonwealth's evidence. His demurrer raised, inter alia, the issue of whether section 6109(b) of the Vehicle Code, 75 Pa.C.S. § 6109(b), required Newtown Township to enact an ordinance authorizing its police department to use the E.S.P. timing device. Appellee's demurrer was overruled and he presented a defense in which he continued to attack the

---

1. For a complete description of the E.S.P. Model TK 100, see our opinion in *Commonwealth v. DePasquale*, 327 Pa.Super. 579, 476 A.2d 419 (1984).

legal authority of the Newtown Township police to use the E.S.P. device.[2]

The trial court then found appellee guilty of speeding. Appellee filed timely post-verdict motions for a new trial and in arrest of judgment. In addition to boilerplate challenges to the weight and sufficiency of the evidence, the post-verdict motions renewed appellee's contention that Newtown Township was without legal authority to enforce speed limits using the E.S.P. device, because no local ordinance was enacted authorizing such actions. On August 17, 1982, the trial court granted appellee's motion in arrest of judgment by an order which reads as follows: "AND NOW, to wit, this 17th day of August, 1982 having heard testimony, reviewed briefs submitted by both parties, it is hereby ordered that Defendant's post-verdict motion is granted, the appeal is sustained, and the Defendant is found not guilty." The Commonwealth brings the instant appeal from this order. For the reasons stated below, we reverse and remand.

■ We begin our inquiry with a consideration of whether this order is appealable by the Commonwealth. Although neither party briefed or argued the issue, we must address the appealability of the order sua sponte, since it is a question going to the jurisdiction of the appellate court. This Court may not act where it is without jurisdiction, even if the parties consent. *See, e.g., Balter v. Balter,* 284 Pa.Super. 350, 425 A.2d 1138 (1981).

■ In the instant case, it is evident from the opinion filed by the trial court that its decision to grant the motion in arrest of judgment was based on the resolution of a question of law, namely whether Newtown Township's use of the E.S.P. timing device was improper because of the lack of an authorizing ordinance. However, the order entered

2. Appellee also presented evidence on the factual issues. He testified that another vehicle, which was overtaking him in the adjacent lane, passed over the sensors of the E.S.P. device simultaneously with his vehicle. The trial court indicated that it resolved this factual issue against appellee. *See* N.T. 4/12/82 at 35.

by the trial court, in addition to granting "Defendant's post-verdict motion," also states that "the Defendant is found *not guilty*" (emphasis added). We are thus faced with two competing principles in deciding whether the Commonwealth may appeal under these circumstances. The first is the general rule that the Commonwealth may appeal an order arresting judgment where a pure question of law is involved. *Commonwealth v. Glendening*, 262 Pa.Super. 357, 396 A.2d 793 (1979). On the other hand, a line of cases has held that a verdict of not guilty is not appealable by the Commonwealth. *See, e.g., Commonwealth v. Haines*, 410 Pa. 601, 190 A.2d 118 (1963); *Commonwealth v. Burton*, 292 Pa.Super. 73, 436 A.2d 1010 (1981).

The "judgments of not guilty" in both *Haines* and *Burton* were simply verdicts entered by the trial judge in non-jury trials. Hence, their holdings rest on the fundamental principle that the Commonwealth may not appeal from an acquittal of the defendant, a rule grounded on the Double Jeopardy Clause of the Fifth Amendment. *See Commonwealth v. Maurizio*, 496 Pa. 584, 437 A.2d 1195 (1981). The issue before us may therefore be restated as whether the *post*-verdict order entered by the trial court should be considered the equivalent of a verdict of acquittal, thereby barring the Commonwealth's appeal.

■ We hold that the trial court's incorrect use of the words "not guilty" does not convert its ruling on appellee's motion in arrest of judgment into an unappealable acquittal. This Court sitting en banc, following relevant United States Supreme Court decisions, has held that this is a question of substance, not one of form or of technical interpretation of words. In *Commonwealth v. Smalis*, 331 Pa.Super. 307, 480 A.2d 1046 (1984), we held that "in determining whether action taken by the trial court has constituted an 'acquittal' for double jeopardy purposes, the form of the judge's action is not controlling." *Smalis*, 331 Pa.Super. at 316, 480 A.2d at 1050. Rather, in the words of the United States Supreme Court in *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 97 S.Ct. 1349, 1354, 51 L.Ed.2d 642 (1977),

"we must determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." We also cited with approval the Supreme Court's holding in *United States v. Scott*, 437 U.S. 82, 91, 98 S.Ct. 2187, 2194, 57 L.Ed.2d 65 (1978), that "[a] judgment of acquittal ... may not be appealed and terminates the prosecution when a second trial would be necessitated by a reversal." Applying these principles, we held in *Smalis* that the Commonwealth may not appeal an order sustaining a defense demurrer grounded on insufficiency of the evidence.

Examining the trial court's ruling in the instant case in light of *Smalis*, and reading the trial court's order in the context of appellee's motions and the court's opinion, as *Martin Linen* allows us, it becomes clear that the sole basis for the arrest of judgment was a *legal* determination. Therefore we find that the order is not an "acquittal" for double jeopardy purposes, despite its incorrect inclusion of the words "not guilty."

Applying the *Scott* test, we further find that the order is appealable, because reversal would not require a retrial. Since the court initially entered a verdict of guilty and reversed itself on post-verdict motions, the result of reversal of the order from which the appeal was taken will simply be the reinstatement of the original guilty verdict. No retrial or any other " 'further proceedings ... devoted to the resolution of factual issues going to the elements of the offense charged,' " *Smalis*, 331 Pa.Super. at 318, 480 A.2d at 1052, quoting *Martin Linen*, 430 U.S. at 570, 97 S.Ct. at 1354, would be required.

In this latter respect, the instant case is clearly distinguishable from *Haines* and *Burton*. In *Haines* and *Burton* the ruling appealed from was the original verdict of the trial judge, so a new trial would be required upon reversal.

These distinctions are by no means novel. In the *Haines* opinion itself, our Supreme Court indicated that it did not intend appeals from arrests of judgment to come within the

ambit of its holding. The court cited *Commonwealth v. Obenreder*, 144 Pa.Super. 253, 254–55, 19 A.2d 497, 498 (1941), in which we stated, "Such a verdict or judgment of acquittal is not to be confused with the quashing of an indictment, *or an arrest of judgment following a verdict of guilty* ... which raise only questions of law and do not result in a verdict of not guilty or judgment of acquittal" (emphasis added). We believe that the portion of the above quotation beginning with "which" was intended to describe the nature of *any* arrest of judgment rather than to divide arrests of judgment into two categories, one group to be considered "acquittals" and the other group "non-acquittals". More recently, in *Commonwealth v. Rawles*, 501 Pa. 514, 462 A.2d 619 (1983), our Supreme Court, citing *Haines*, refused to equate the grant of a motion in arrest of judgment with an acquittal.

*See also Commonwealth v. Davis*, 247 Pa.Super. 450, 372 A.2d 912 (1977), in which we permitted a Commonwealth appeal from the grant of a pre-trial motion to dismiss on the ground of *autrefois acquit*, despite the court's statement on sustaining the motion that "we'll find him not guilty on this charge." *Id.*, 247 Pa.Super. at 452, 372 A.2d at 913. In support of this holding, we noted that "this was not a case in which the lower court issued no final order or judgment other than the not guilty verdict." *Id.*, 247 Pa.Super. at 454, 372 A.2d at 912. Another important circumstance in *Davis* was the fact that jeopardy had not yet attached because trial had not commenced. *See id.*, 247 Pa.Super. at 454 n. 5, 372 A.2d at 914 n. 5.

The principles of *Martin Linen and Scott* are also not new to Pennsylvania jurisprudence. In *Commonwealth v. Wimberly*, 488 Pa. 169, 411 A.2d 1193 (1979), our Supreme Court applied them to a set of facts which is really the converse of the instant case. In *Wimberly*, an order which on its face appeared to be an appealable grant of a demurrer was found actually to be a factual resolution of the case, and the Commonwealth's appeal was dismissed.

We recognize that our holding in *Commonwealth v. Thinnes*, 263 Pa.Super. 79, 397 A.2d 5 (1979), is contrary to the foregoing reasoning. At the time *Thinnes* was decided, the Commonwealth was generally permitted to appeal from an adverse ruling on a demurrer.[3] However, the order of the trial court in *Thinnes*, in addition to sustaining the defendant's demurrer, stated that the defendant was found "not guilty" of the offense charged. Although the trial court's opinion clearly indicated that the decision was based on the determination of a legal issue (the construction of two statutes), we refused to look behind the face of the order and held that even the erroneous entry of a finding of not guilty rendered the order unappealable. To the extent that *Thinnes* exalts form over substance, making the words of the order dispositive of the appealability question, *Smalis* implicitly holds that it is no longer good law. Therefore, we are of the opinion that we are bound by the decisions of our Supreme Court in *Wimberly* and *Rawles* and this Court en banc in *Smalis* which are grounded on principles enunciated by the United States Supreme Court.

■ Having established that the Commonwealth's appeal is properly before this Court, we turn to the merits. Appellee argued, and the trial court held, that the Commonwealth's evidence of speed must be excluded because there was no local ordinance authorizing the use of the E.S.P. Model TK 100 timing device by the Newtown Township police. We disagree. In the recent decision of this Court in *Commonwealth v. DePasquale*, 327 Pa.Super. 579, 476 A.2d 419 (1984), the admissibility of evidence of speed obtained through use of the E.S.P. TK 100 by local police was also at issue. We held that the Vehicle Code does not require an authorizing ordinance: "Use of the TK 100 to detect speeding violations is not contingent upon enactment of a local ordinance authorizing its use by municipal police. Use of electrical speed timing devices by municipal police

**3.** The right of the Commonwealth to appeal orders sustaining defense demurrers has been substantially modified by *Commonwealth v. Smalis*, 331 Pa.Super. 307, 480 A.2d 1046 (1984), discussed elsewhere in this opinion.

officers has been authorized by 75 Pa.C.S. 3368(c)(1)." *Id.,* 327 Pa.Super. at 583, 476 A.2d at 421.

Appellee further argues that the trial court's decision should be affirmed even if the police's use of the E.S.P. device itself was properly authorized, because there were no traffic signs warning of the use of this particular enforcement device. This contention is also disposed of by *DePasquale.* We held that the requirement of 75 Pa.C.S. § 6109(c) that "official traffic control devices" be posted requires only signs informing motorists of the speed limit or other regulation itself, not of the specific means of their enforcement. *See DePasquale,* 327 Pa.Super. at 583–584, 476 A.2d at 421–22.

Finally, appellee contends that the evidence of speed must be excluded because the Commonwealth failed to prove the existence of an agreement between the Newtown Township police and the Pennsylvania State Police pursuant to 75 Pa.C.S. § 6109(a)(11) authorizing the Newtown Township police to enforce speed limits on West Chester Pike, a divided highway. We agree with the Commonwealth that this issue is properly raised as an affirmative defense, and that appellee has therefore waived it because he presented no evidence on the question at trial. The existence of such an agreement is not an element of the offense of speeding as it is defined in 75 Pa.C.A. § 3362. Although the Commonwealth undeniably has the burden of proving every element of the offense charged beyond a reasonable doubt, *Commonwealth v. Bishop,* 472 Pa. 485, 372 A.2d 794 (1979), it is not necessary for the Commonwealth to anticipate and rebut all possible defenses. More specifically, the burden of proving an affirmative defense which does not negate an element of the offense may be placed on the defendant. *Commonwealth v. Hilbert,* 476 Pa. 288, 382 A.2d 724 (1978). The non-existence of an agreement allowing local police to enforce speed limits on divided highways does not negate any element of the offense of speeding. Since appellee failed to present any

evidence of this affirmative defense at trial, we decline to consider it at this level.

We therefore reverse the order granting appellee's motion in arrest of judgment. In its opinion, the trial court stated that because it granted the motion in arrest of judgment, it did not consider appellee's other requests for post-verdict relief. These requests included a motion for a new trial. Appellee is entitled to have the trial court consider his motion for a new trial on remand following our reversal of the order granting the arrest of judgment. *Commonwealth v. Meadows*, 471 Pa. 201, 369 A.2d 1266 (1977). We therefore direct the trial court to rule on appellee's outstanding post-verdict motions.

Order reversed and case remanded for consideration of appellee's outstanding post-verdict motions for a new trial, and further proceedings consistent with this opinion. Jurisdiction is relinquished.