608 A.2d 1118

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Ronald HUFFMAN, Appellee.**

Commonwealth Court of Pennsylvania.

Argued April 6, 1992.

Decided May 5, 1992.

David R. Lipka, for appellant.

Barry A. Yelen, for appellee.

Before PALLADINO and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

PELLEGRINI, Judge.

The Township of Hunlock (Township) appeals the order of the Court of Common Pleas of Luzerne County (trial court) granting Ronald Huffman's (Huffman) Motion in Arrest of Judgment, vacating his conviction and finding him not guilty of junk dealing without a license.

In 1979, the Township of Hunlock enacted a Junk Dealers Ordinance[1] which required any person to obtain a license

1. The ordinance was enacted pursuant to Section 702 cl. XXV of The Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amend-*

before engaging in the business of junk dealing. Any person who was already conducting the business of junk dealing was required to obtain a license within thirty days from the date the ordinance was enacted. The ordinance provides penalties of a fine of up to $300.00 and imprisonment for up to ninety days.[2]

After inspection of Huffman's premises, the township manager filed a complaint against Huffman before a district magistrate for violating the Junk Dealers Ordinance by engaging in junk dealing without a license. The district magistrate found Huffman guilty and fined him $300.

Huffman appealed to the trial court which heard the matter de novo. The trial court also found Huffman guilty of junk dealing without a license and imposed the same fine as the district magistrate. Huffman filed a Motion in Arrest of Judgment with the trial court, contending that he was not required to obtain a license because he had been operating a junk yard since the 1960's, well before the ordinance was adopted. The trial court granted Huffman's motion, vacated its prior conviction and dismissed the charges, holding that Huffman was not guilty because the licensing requirement of the ordinance did not apply to Huffman's pre-existing, non-conforming use. The Township then filed this appeal.

Huffman contends that the Township cannot maintain an appeal from the not-guilty verdict rendered as a result of its Motion in Arrest of Judgment. The Criminal Rules of Procedure establish that any action under a munic-

ed, 53 P.S. § 65741 (granting power to townships to adopt ordinances to carry out specific powers) and Section 702 cl. XII of The Second Class Township Code, 53 P.S. § 65712 (granting power to prohibit nuisances such as junked automobiles and rubbish).

2. Section 213 provides:
   Any person, firm or corporation who shall violate any provision of this Part 2 shall, upon conviction thereof, be sentenced to pay a fine of not more than three hundred dollars ($300.00); and/or imprisonment for a term not to exceed ninety (90) days. Every day that a violation of this Part 2 continues shall constitute a separate offense. Section 13 of Ordinance 2 of 1979, Nov. 20, 1979, as amended by Ordinance 1 of 1985, March 5, 1985.

ipal ordinance that provides imprisonment as a possible penalty, as the Junk Dealers Ordinance provides, is a criminal proceeding.[3] In a criminal proceeding, generally the prosecution has no right to appeal an acquittal. *Borough of West Chester v. Lal,* 493 Pa. 387, 426 A.2d 603 (1981). However, the use of the words "not guilty" is not necessarily indicative of an acquittal, which because of double jeopardy principles, would bar an appeal by the Township. The question of whether there has been an "acquittal" is one of substance rather than form. *Commonwealth v. Smalis,* 331 Pa.Superior Ct. 307, 480 A.2d 1046 (1984).[4] A determination is an "acquittal" where it "actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 571, 97 S.Ct. 1349, 1355, 51 L.Ed.2d 642 (1977). Furthermore, an acquittal may not be appealed when a second trial on factual issues would be necessitated by a reversal. *United States v. Scott,* 437 U.S. 82, 91, 98 S.Ct. 2187, 2193–94, 57 L.Ed.2d 65 (1978).[5]

In contrast to the rule that the prosecution cannot appeal an acquittal, "the Commonwealth may appeal an order arresting judgment where a pure question of law is involved". *Commonwealth v. Shenkin,* 337 Pa.Superior Ct. 517, 487 A.2d 380, 382 (1985). In *Shenkin,* the trial court granted the Motion in Arrest of Judgment because it held the device used to check the defendant's speed limit was not

3. "Criminal proceedings" are defined in Rule 3(h) to include all actions for the enforcement of the Penal Laws. "Penal Laws" include any ordinance which provides for imprisonment upon conviction or upon failure to pay a fine or penalty. Pa.R.Crim.P. 3. Moreover, Rule 86 states that it is the exclusive means of appealing summary convictions, including those based on a municipal ordinance providing for imprisonment as a possible penalty. *See Commonwealth v. Carter,* 36 Pa.Commonwealth Ct. 569, 377 A.2d 831 (1977); *Lower Merion Township v. Schenk,* 247 Pa.Superior Ct. 494, 372 A.2d 934 (1977).

4. The cited decision and order was reinstated, after appeals to the United States Supreme Court, in 511 Pa. 229, 512 A.2d 634 (1986). Further appeals on unrelated issues followed.

5. The *Martin Linen* and *Scott* decisions have been cited with approval by our Supreme Court. *See Commonwealth v. Wimberly,* 488 Pa. 169, 411 A.2d 1193 (1979).

authorized by local ordinance as the Vehicle Code required. The Superior Court held that the sole basis for the arrest of judgment was a legal determination, and the order, despite its use of the words "not guilty", was not an acquittal. *Id.*, 337 Pa.Superior Ct. at 522, 487 A.2d at 382. Because the trial court in that case initially entered a guilty verdict, a reversal of the "not guilty" order would result in the reinstatement of the original guilty verdict and no retrial of the factual issues would be required. *Id.*, 337 Pa.Superior Ct. at 522, 487 A.2d at 382–83.

■ Just as in *Shenkin,* the trial court's decision on the Motion in Arrest of Judgment was based solely on a legal determination. It held that the doctrine of pre-existing, non-conforming uses applied to protect Huffman from the licensing requirement. The granting of the Motion in Arrest of Judgment did not involve factual issues, and consequently, is not an "acquittal" precluding an appeal; a reversal would not require a second trial because Huffman has been found guilty on the facts. We must then address the Township's contention that the doctrine of pre-existing, non-conforming use does not protect Huffman from the ordinance requiring a license for junk dealers.

■ Township ordinances enacted under The Second Class Township Code that require licenses and also set forth setbacks and side and rear yard requirements have been upheld by this court as regulations on junkyards completely separate from zoning ordinances. *Mt. Joy Township v. Davies Used Auto Parts,* 80 Pa.Commonwealth Ct. 633, 472 A.2d 1172 (1984); *Beers v. Mount Pleasant Township,* 32 Pa.Commonwealth Ct. 91, 377 A.2d 1279 (1977). The non-conforming use doctrine is invoked to allow the existence of a use prohibited by a later enacted *zoning* ordinance. *See McGeehan v. Zoning Hearing Board of Springfield Township,* 45 Pa.Commonwealth Ct. 403, 407 A.2d 56 (1979). This principle, however, has no application to a business licensing ordinance regulating licensee's conduct of his ongoing business.

The non-conforming status of Huffman's junk operation for zoning purposes is no defense to the licensing requirement of the Township's Junk Dealers Ordinance. Accordingly, we reverse the trial court's order granting Huffman's Motion in Arrest of Judgment. The initial guilty verdict is reinstated.

## ORDER

AND NOW, this 5th day of May, 1992, the order of the Court of Common Pleas of Luzerne County dated May 29, 1991, No. 889 of 1990, is reversed. The guilty verdict, dated March 6, 1991, is reinstated.