# Commonwealth *v.* Stewart, Appellant.

*Criminal law—Adultery—Fornication—Trial of two offenses together—Evidence.*

Where a woman is indicted for adultery and a man is indicted for fornication, and the two indictments refer to the joint act of the man and woman, the parties may be jointly tried if they so elect; and the woman, if convicted, cannot allege as error the action of the court below in allowing a joint trial.

In such a case declarations of the man, made in the absence of the woman, tending to show the guilt of the woman, are inadmissible, if they are offered for the purpose of establishing the guilt of the woman as well as the man; and if such evidence is admitted the conviction of the woman will be set aside, if there is nothing on the record to show that the court instructed the jury that such evidence was to be considered only against the man.

On the trial of an indictment for adultery against a married woman, where it appears that the husband had employed a detective to watch his wife and had instituted the prosecution, a woman witness for the prosecution called to prove incriminating declarations by the defendant may be cross-examined, to show her intimacy with the husband and her bias.


*Evidence—Conversations—Part of conversation.*

When a witness has given a part of a conversation it is always competent on cross-examination to bring out all that was said on the occasion.


Argued Oct. 9, 1916.  Appeal, No. 49, Oct. T., 1916, by defendant, from judgment of Municipal Court, Philadelphia Co., June T., 1915, No. 238, on verdict of guilty in case of Commonwealth v. Ethel J. Stewart.  Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREX-LER and WILLIAMS, JJ.  Reversed.

Indictment for adultery with one Charles A. Norato. Before CRANE, J.

Ethel J. Stewart was indicted for adultery, and Norato for fornication.  By election of the defendants the two indictments were tried together.

Elizabeth A. Moorehouse, a witness for prosecution, was asked the question:

"Q.—Did you have a conversation with the defendant at that time?

"A.—Yes, sir.

"Mr. Griffith: What do you mean by the 'defendant'?

"Q.—The defendant, Norato?

"A.—Yes, sir.

"Q.—State what he said to you and what you said to him?

"(Objected to.)

"Mr. Fox: This has reference to the first charge of fornication, of certain admissions made by the defendant Norato; it also has reference to the adultery charge, because we are going to identify his handwriting, which we find is a material question in this case.

"(Objection overruled. Exception for defendant.)"    (1)

Edra L. Wenrich was examined on cross-examination as follows:

"Q.—You claim Dr. Stewart is a friend of yours, do you not, a particularly dear friend of yours?

"A.—I never claimed so.

"Q.—He visited your house often in that four or five years, didn't he?

"A.—Yes, sir.

"Q.—He saw you professionally and he pays you social calls, does he not?

"A.—Yes, sir.

"Q.—His social calls sometimes extend to late in the morning?

"(Objected to.    Objection sustained.)

"Q.—He comes sometimes as late as nine o'clock at night, does he not?

"The Court: The witness is not on trial. We will sustain the objection to the last question.

"(Exception for defendant.)"    (2)

"Q.—This condition of intimacy also prevailed between you and Dr. Stewart, has it not?

"A.—I wouldn't call it intimacy; I call it a friendliness.

"Q.—You run around in his automobile, do you not?

"(Objected to.   Objection sustained.)

"(Exception for defendant.)"    (3)

"Q.—When Mrs. Stewart, either by direct statements or innuendo, as you say, admitted to you the intimacy of her relationship with Mr. Norato, did you make any reply whatever at any time?

"A.—Yes, I have.   On some occasions when there have been disagreements between Mr. Norato and Mrs. Stewart, I told her I didn't think he appreciated her; that she was foolish.

"Q.—Is that all you said?

"A.—Well, I might have said more than that, but that I did say.

"Q.—You don't recall—

"The Court: We are not concerned with what this witness said in reply.   We are only concerned with the statements made by the defendant in the nature of an admission concerning the charges she is called here to answer to-day."    (4)

Verdict of guilty upon which judgment of sentence was passed.

*Errors assigned* were (1-4) rulings on evidence and (12) in allowing a joint trial.

*James Gay Gordon,* with him *David R. Griffith, Jr.,* with him *William P. Davis, Jr.,* for appellant, cited: Fife v. Com., 29 Pa. 429; Ott v. Houghton, 30 Pa. 451; Com. v. Bell, 4 Pa. Superior Ct. 187.

*Charles Edwin Fox,* with him *Samuel P. Rotan,* District Attorney, for appellee, cited: Com. v. Hartman, 31 Pa. Superior Ct. 364; Com. v. Dupes, 14 Pa. C. C. R. 238.

OPINION BY PORTER, J., March 7, 1917:

The appellant was tried and convicted in the court below upon an indictment charging adultery. Her alleged paramour, Norato, was, in a separate indictment, charged with fornication. By the agreement of counsel, who represented both defendants, and the district attorney, both cases were tried at the same time and before the same jury. We have here an assignment of error seeking a reversal of the judgment against this appellant upon the ground that the court below ought not to have allowed a joint trial of the appellant with Norato, the two being held to answer under separate and distinct bills of indictment, charging separate and distinct offenses. This assignment is founded upon no ruling of the court below, for the court was given no opportunity to pass upon the question. The defendants were charged in separate indictments and they could not, against their protest, have been tried at the same time. The offenses charged were, however, mere misdemeanors and the unlawful acts charged were the joint acts of the parties, although they were separately indicted. The right to be tried separately was not one of those fundamental constitutional rights which the parties might not waive. In this case it does not appear from the record proper that any other person was tried at the same time with this defendant; that the parties were tried at the same time was but a mere incident of the trial, and that incident is not brought upon the record by any exception. We might, therefore, properly dismiss this specification upon this narrow ground. We are of opinion that there is no reason for holding that parties who are separately indicted for the same unlawful act, in which each is charged to have participated, and where the same evidence applies to both, may not, with the consent of the prosecuting officer, elect to be tried at the same time and before the same jury. It has been held in Massachusetts, that parties, who stood in the same relation to each other, with regard to the crime, as did this appellant and No-

rato, might be jointly indicted and jointly tried: Commonwealth v. Elwell, 2 Metcalf 190. When parties elect to be tried together the accused may subject themselves to the necessary incidents of a joint trial, one of which is the admission of competent testimony against one of them which might incidentally prejudice the other, but they have a remedy for this by requesting the court to instruct the jury as to the application of such testimony. Even those who are charged with a capital offense, and who have the right to elect whether they shall be tried separately or jointly, are by the law permitted to incur this disadvantage: Brandt v. Commonwealth, 94 Pa. 290. It has been the custom for many years in the larger counties of the Commonwealth, where the volume of criminal business is great, to try several indictments charging misdemeanors against distinct individuals, growing out of the same transaction, with the consent of the parties, before the same jury and at the same time. This practice expedites the public business, saves the time of defendants and their counsel and has no tendency to deprive any accused of any legal right. We have considered this specification first, for the reason that it goes to the regularity of the whole trial. The twelfth specification of error is dismissed.

The first specification of error relates to the admission in evidence of declarations made by Norato, the alleged paramour of the appellant. The parties having elected to be tried together, competent evidence against one could not be excluded on the ground that it might prejudice the other. The declarations of Norato, made in the absence of this appellant, were competent evidence against him alone, and if admitted for the purpose of establishing his guilt, this appellant has no ground of complaint: Brandt v. Commonwealth, supra. The difficulty in the present case is that the testimony was not merely offered, received and considered as evidence against Norato, but the declared purpose was, also, to establish the guilt of this appellant. The witness upon the stand was

a woman who had been employed as a private detective, by the husband of the appellant, to trail the appellant and obtain evidence in this case. She had testified that she met Norato, with whom she had not previously been acquainted and had a conversation with him. She was then asked the question, by counsel for the Commonwealth, "State what he said to you and what you said to him?" This question was objected to by counsel for this appellant. The assistant district attorney then said, in reply to the objection: "This has reference to the first charge of fornication, of certain admissions made by the defendant, Norato; it also has reference to the adultery charge." The court thereupon overruled the objection, to which ruling the appellant excepted. The offer of the assistant district attorney explicitly stated that the evidence had reference to both cases then being tried, one the charge of fornication against Norato and the other the charge of adultery against this appellant. The court was thus put upon express notice that the contention of the Commonwealth was that the declarations of Norato, made in the absence of this appellant, were competent evidence to establish a charge against her. When the court overruled the objection to the offer, without qualification or explanation, the jury must necessarily have understood that it was their duty to consider the testimony which was introduced under the offer in passing upon the question of the guilt or innocence of this appellant. This was not a case in which evidence is introduced which might properly affect one of a number being jointly tried, but is incompetent as to the others, and a mere failure of the court to call the attention of the jury to the fact that the evidence is to be considered only against a particular defendant. We have here an affirmative ruling that the evidence is admitted for the purpose of affecting both defendants, while as to this appellant the testimony was mere hearsay. The court did not caution the jury at that time, nor instruct them in the charge that this evidence was to be considered only

against Norato.   The witness then proceeded to testify as to declarations of Norato that he and this appellant had been guilty of illicit intercourse for a number of years.   If the ruling of the court below was correct, and the evidence was proper to be considered by the jury in passing upon the charge against this appellant, then the reputation and even the liberty of any reputable woman may be put in peril by any lying braggart who chooses to boast of his alleged conquests.   That the evidence was not admissible for the purpose for which it was offered is too clear to require citation of authority.   The first specification of error is sustained.

The second and third specifications of error are founded upon exceptions to the rulings of the court upon certain questions asked by counsel for appellant in cross-examination of a witness who testified on behalf of the Commonwealth.   This witness had testified to certain admissions made by this appellant which tended to establish the charge for which she was being tried.   It had already appeared in evidence that the husband of this appellant was back of this prosecution, that he had employed a detective to obtain evidence tending to establish the guilt of the appellant and there could be no doubt that he was interested in the result of the trial.   This being so it was entirely proper to bring out in cross-examination any facts which would disclose bias or favor upon the part of the witness.   The right of cross-examination is one of the most efficacious tests, which the law has devised for the discovery of truth.   By means of it, the situation of the witness with respect to the parties, and to the subject of litigation, his interest, his motives, his inclination and prejudices, his means of obtaining correct and certain knowledge of the facts, and the manner in which he has used those means, may be fully investigated and ascertained, and submitted to the consideration of the jury, who thus have an opportunity of observing his demeanor and of determining the just weight and value of his testimony: Ott v. Houghton, 30

Pa. 451; Greenleaf's Evidence, Vol. I, Sec. 446, page 501. The witness was not, as remarked by the learned judge of the court below, on trial, but the weight to be given her testimony was a question for the jury, and it was proper to elicit the facts which disclosed whether she was biased, or impartial. The second and third specifications of error are sustained.

The same witness had testified to admissions made by this appellant of her intimacy with Norato. In the course of the cross-examination counsel for appellant proceeded to ask her what she, the witness, had said in the conversations during which these admissions were alleged to have been made, whereupon the learned judge of the court below said: "We are not concerned with what this witness said in reply, we are only concerned with the statements made by the defendant in the nature of an admission concerning the charges she is called here to answer to-day." When a witness has given part of a conversation, it is always competent, upon cross-examination, to bring out all that was said upon the occasion, the meaning of a sentence may be modified, or entirely changed, by the conversation which precedes or follows it. The fourth specification of error is sustained. The charge of the court, taken as a whole, was a correct presentation of the law of the case, and the specifications of error which refer to it are dismissed.

The judgment is reversed and the record is remitted with a venire facias de novo.