Commonwealth *v.* McCord, Appellant.

Commonwealth *v.* Waggy, Appellant.

Argued November 19, 1934.

Before
Trexler, P. J., Keller, Cunningham, Baldrige, Stadt-
feld, Parker and James, JJ.

*E. C. Higbee,* with him *E. D. Brown* of *Higbee, Matthews and Lewellyn, Armin H. Friedman* and *Russell Duane,* for appellants.

*Wade K. Newell,* District Attorney, and with him *T. A. Waggoner, Jr.,* Assistant District Attorney, for appellee.

Opinion by Parker, J., February 1, 1935:

David J. McCord was charged in one indictment containing five counts with (1) assault and battery, (2) aggravated assault and battery, (3) operating a motor vehicle on the public highways while under the influence of intoxicating liquor, (4) violation of the Motor Code in failing to stop at the scene of an accident, and (5) involuntary manslaughter. In another

indictment J. H. Waggy was charged with the same offenses. The indictments, aside from the person charged, were identical in phraseology and as to dates, persons affected, and other circumstances. Counsel for defendants being informed that it was the intention of the Commonwealth to try the two defendants before one jury made motions, before plea entered and before the jury was sworn, for separate trials, which motions were refused and the cases were tried together. The jury found the defendant McCord guilty on all five counts and found the defendant Waggy guilty of operating a motor vehicle while under the influence of intoxicating liquor, the trial court having directed a verdict for the defendant Waggy on the other four counts. McCord was sentenced on each count except that for simple assault and battery, sentences to run successively and not concurrently, and Waggy was sentenced on the count on which he was found guilty. Each having appealed, the cases were argued together and will be disposed of in one opinion.

The eighth, ninth, and tenth assignments of error complain of the action of the court in refusing the defendants separate trials. It is strongly urged by counsel for the defendants that, having been separately indicted and the objections having been made before pleas were entered, the judgments must now be arrested. As was pointed out by this court in the case of Com. v. Schmidheiser et al., 111 Pa. Superior Ct. 283, 288, 169 A. 572, it has been held in a number of cases in the Supreme Court and in this court that the consolidation for trial over the objection of the defendants of certain indictments does not amount to an abuse of discretion by the trial judge. The Schmidheiser case is an example where the consolidation for trial of indictments involving different circumstances was held to be reversible error.

It has long been the custom in the larger counties of

this Commonwealth, where the volume of criminal business is large, to try several indictments charging misdemeanors against distinct individuals growing out of the same transaction, with the consent of the parties, before the same jury and at the same time. This practice expedites the trial of cases, saves the time of defendants and their counsel, and has no tendency to deprive the accused of any legal right: Com. v. Stewart, 65 Pa. Superior Ct. 409. In that case there is the following dictum not essential to a determination of the case (p. 412): "The defendants were charged in separate indictments and they could not, against their protest, have been tried at the same time." It is upon this statement and what was said in the Schmidheiser case that the appellants principally rely here. This makes necessary a reconsideration of the law with reference to the consolidation of cases for trial and the applicable principles. We have not found, nor have we been referred by counsel to, any case in the appellate courts of this state exactly in point. There is, however, a strong analogy between cases such as the present one and those in which several counts for separate and distinct offenses are included in the same indictment, and a like analogy to those cases where the same defendant is charged with separate and distinct misdemeanors. Speaking on this general subject, Mr. Justice GIBSON, in the case of Withers v. Com., 5 S. & R. 59, 60, said: "Whether a court would therefore quash an indictment comprising two or more misdemeanors, would, I apprehend, depend on a sound exercise of discretion, having regard to the particular circumstances of each case." There August Withers and Joseph Withers were, at the February Sessions, indicted for conspiracy against and cheating one Hickman. Joseph Withers died before the trial. At the August Sessions, August Withers was again indicted for conspiracy with Joseph Withers and cheating Wil-

liam Thomas. Over the express objection of August Withers, the two indictments were tried by the same jury. It was held that the defendant below had no cause for complaint as he was not prejudiced by such consolidation. The argument of the learned justice was predicated largely upon the law governing the joinder of different counts for separate misdemeanors in one indictment. There are a large number of cases where, under the circumstances there present, it has been held not to be error to try a defendant before one jury for separate and distinct offenses. In Com. v. Valotta, 279 Pa. 84, 123 A. 681, the defendant was indicted for killing two men and convicted of murder of the second degree in killing the first man and murder of the first degree in killing the second man. The Supreme Court there said (p. 88): "Assuming, but not deciding, that notwithstanding his failure to object on trial, he can now be heard to raise this question, the simultaneous trial on two indictments charging murder is warranted and the finding of guilt in the second degree on one indictment does not affect the first degree conviction on the other."

In Com. v. Danaleczk et al., 85 Pa. Superior Ct. 253, five defendants in a single information were charged with felonious rape upon two different girls. Two indictments based on the same information were found by the grand jury, in one of which all the defendants were charged with the rape of one girl and in the other with a like offense upon the other girl. The indictments were tried together and resulted in convictions. The judgments entered were all affirmed. We there said (p. 255): "The propriety of trying two indictments of this character before the same jury is a matter in which the trial court is invested with discretion and the ruling of that court will not be reversed unless it is made clearly to appear that the rights of the defendants have been thereby prejudiced." There, as

here, the offenses were charged to have been committed by all of the defendants at the same time and place. Also, see Com. v. Hartman, 31 Pa. Superior Ct. 364; Com. v. Wheeler, 75 Pa. Superior Ct. 84; Com. v. Moyer, 76 Pa. Superior Ct. 20, 22; Com. v. Faulknier, 89 Pa. Superior Ct. 454; Com. v. Beattie, 93 Pa. Superior Ct. 404; Com. v. Landis, 101 Pa. Superior Ct. 524.

On Monday, May 7, 1934, at about 7:30 P. M., three young women were walking along the left side, as they were moving, of a concrete pavement at Wick Haven when they were struck from the rear by an automobile. One of the girls was killed, another seriously injured, and the third received some minor bruises. The defendants were arrested later the same day while operating an automobile owned by McCord which was alleged to have caused the accident. To sustain the charges, the Commonwealth accounted for the movements of both defendants from an hour or more before the accident until their arrest. During this time, there was abundant proof that the defendants were drinking, were intoxicated, and that each by turns while in that condition operated in Fayette County the automobile which caused the injury. A careful reading of the entire record convinces us that the offenses grew out of the same transactions; that the same evidence was necessary in both cases; and that they were so interrelated that neither case could be made out without using the material evidence in the other case. We have searched the record in vain for evidence of any facts or circumstances from which it might be concluded that either defendant was prejudiced by reason of the consolidation of the cases for trial, and there has not been called to our attention in the arguments any fact showing such prejudice to either of the defendants.

It would not be seriously contended that if one in-

dictment had been found against these defendants for the matters here charged, under the circumstances recited, they could not have been tried together, nor that in the exercise of a sound discretion the court would have granted a severance. In the present day when many of the rigors of the common law have been relaxed, certainly a reasonable distinction could not be drawn between that situation and the one here present. The true rule would now appear to be that just as in cases where a defendant is charged in one indictment by separate counts with different offenses, or where one defendant is charged in separate indictments with different offenses, so likewise where two defendants are indicted for the same misdemeanor growing out of the same matters and circumstances so related that the proofs received in one would be competent in the other, even though the defendants demand separate trials, whether either will be prejudiced by a joint trial and they are therefore entitled to a severance is a matter for the trial court to determine in the exercise of a sound discretion, and the appellate courts will not reverse except for a clear abuse of such discretion. These assignments of error are not sustained.

Nine assignments of error complain that the trial judge assumed toward the appellants and their counsel an antagonistic attitude which was prejudicial to the defendants and, relying on the cases of Com. v. Stallone, 281 Pa. 41, 126 A. 56, and Com. v. Brown, 309 Pa. 515, 164 A. 726, appellants ask for a new trial. In those cases verdicts of guilty of felonious homicide were set aside by the Supreme Court and new trials granted, the court holding that the defendants had been prejudiced by the attitude of the trial judge toward the defendants and their counsel. Appellate courts presume that one holding the important office of trial judge can influence a jury: McDuff v. Detroit Evening Journal Co., 84 Mich. 1, 47 N. W. 671. It is, therefore, of the

utmost importance that the trial judge should not display partiality and that he should avoid all appearance thereof by treating counsel with respect and should not ridicule or unduly criticize the efforts of such counsel. The jurors are quick to seize upon any expression or hint from the trial judge that would throw light on disputed questions. In the case we are considering, there were exchanges between counsel and between counsel and the court and warnings from the court which, when removed from their surroundings, were of a character that might well have been omitted for they contributed nothing to the dignity of the trial. When, however, we examine the record of more than 800 pages, including over 700 pages of evidence, we are unable to discover anything in the conduct of the trial judge which could have affected the jury adversely to the defendants. The district attorney and counsel for the defendants were earnest and zealous in their respective capacities, and the exchanges at times were somewhat heated. As was the case in Com. v. Widovich, 93 Pa. Superior Ct. 323, 335, "the remarks of the trial judge now complained of were usually provoked by the language and conduct of the complaining counsel." The defendants, however, did not make any of the remarks the basis of motions to withdraw a juror. Having failed so to do and having taken a chance on a verdict, we do not find sufficient in the record to warrant the granting of a new trial.

On several occasions, the trial judge interrogated witnesses asking pertinent questions which, however, indicated no bias or feeling but were directed to clearing up doubtful matters or subjects that needed explanation. We believe that the conduct of the trial judge in this respect was in entire harmony with the Code of Judicial Ethics of the American Bar Association: Com. v. Brown, supra.

We find no merit in the assignments of error cover-

ing the charge of the court, although we have examined these minutely and with care. Full and ample instructions were given in the general charge on the subject of circumstantial evidence, and it was therefore not necessary to repeat those instructions by answering all of defendants' points. The instructions on the subject of alibi were in strict accord with the rule of the Supreme Court laid down in Com. v. Stein, 305 Pa. 567, 158 A. 563.

The thirty-third and thirty-sixth assignments of error present a more serious question. As we have heretofore indicated, three young ladies were walking near the edge of a concrete pavement, two of them entirely on the berm and the third at times on the concrete. The uncontradicted evidence showed that they were struck from the back by an automobile which was being driven on the wrong side of the road at a rapid rate and that at one instant the young woman who was on the edge of the pavement was knocked a distance of sixty-five feet and instantly killed and the second by the same impact and at the same time was seriously injured. Assuming, for the sake of argument, that the evidence offered was sufficient to sustain a verdict of aggravated assault and battery against the defendant McCord, the operator of the car, under the facts separate sentences for the one act cannot be sustained. The case is ruled by the former decisions of this court in Com. v. Veley, 63 Pa. Superior Ct. 489, and Com. v. Ernesto, 93 Pa. Superior Ct. 339. Both of those cases involved involuntary manslaughter and in each more than one person was killed by one unlawful or negligent act of the defendant, but it was held that two sentences could not be sustained. Here, the action upon the part of the defendant which caused the injuries complained of was the unlawful operation of a car. By this single unlawful act injury was done to two persons, but it consisted of but a single criminal

act. While we cannot sustain the assignments of error complained of insofar as they complain of the conviction, we think that the court, under all the circumstances, had no power to impose sentence upon the charges of involuntary manslaughter and aggravated assault and battery for the one act. We accordingly reverse the sentence of the court on the charge of aggravated assault and battery. This does not require a reversal of anything further than the sentence and in no way affects in any way the conviction of the respective appellants: Com. v. Camwell, 89 Pa. Superior Ct. 339; Com. v. Ernesto, supra.

The judgment of the court of quarter sessions in the case of Commonwealth v. J. H. Waggy, 148 April Term, 1935, is affirmed, and it is directed that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence, or any part of it, which had not been completed when the appeal in this case was made a supersedeas.

The sentence of the court in the case of Commonwealth v. David J. McCord, 147 April Term, 1935, insofar as the court undertook to sentence for aggravated assault and battery, is reversed and set aside, and the sentence for violation of the automobile code in failing to stop at the scene of the accident shall begin as of the date of the original sentences, and it is directed that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the remaining sentences, or any part of them, which had not been completed when the appeal in this case was made a supersedeas.