475 A.2d 804

**COMMONWEALTH of Pennsylvania**

v.

**Robert GORE, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 18, 1983.

Filed April 13, 1984.

Reargument Denied June 18, 1984.

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Com., appellee.

Before McEWEN, HESTER and LIPEZ, JJ.

PER CURIAM:

In a nonjury trial, defendant was convicted of robbery and criminal conspiracy. Post-verdict motions were denied, and judgment of sentence was imposed. Defendant filed this appeal, in which he claims: (1) he is entitled to discharge under Rule 1100; and (2) he is entitled to a new trial

because the court below erred in denying the motion to suppress.

In his opinion under Pennsylvania Rule of Appellate Procedure 1925(a), the trial judge concluded that he had erroneously denied defendant's motion in arrest of judgment based on Rule 1100, because at the time he decided the issue, he lacked the necessary notes of testimony to decide it properly. Because this appeal was pending when the trial judge's opinion was filed, defendant filed in this court a petition to remand the record. The court en banc referred the petition to this panel. We have concluded that the most expeditious manner in which to dispose of this case would be to grant the petition, vacate both the judgment of sentence and the order denying post-verdict motions, and remand for reconsideration of the post-verdict motions.[1] *MNC Corporation v. Mt. Lebanon Medical Center, Inc.*, 294 Pa.Super.Ct. 405, 406, 440 A.2d 528, 529 (1982); *cf. Cohen v. Jenkintown Cab Company*, 300 Pa.Super.Ct. 528, 538 n. 8, 446 A.2d 1284, 1289–90 n. 8 (1982).

Petition granted, judgment of sentence and order denying post-verdict motions vacated, and case remanded for further proceedings. Jurisdiction relinquished.

---

**1.** Because we remand on a discretionary basis, we need not consider defendant's argument that he is entitled to remand under the circumstances of this case as a matter of right.