545 A.2d 301

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Dynel McMILLAN, Appellee.**

Superior Court of Pennsylvania.

Argued May 28, 1987.

Filed June 24, 1988.

26

28

Harriet Brumberg, Assistant District Attorney, Philadelphia, for Com., appellant.

Stuart Lev, Assistant Public Defender, Philadelphia, for appellee.

Before ROWLEY, KELLY and WATKINS, JJ.

KELLY, Judge:

The Commonwealth appeals from an order granting reconsideration of post-verdict motions and awarding a new trial, some two years, eight months, and nine days after the original order denying post-verdict motions was entered. We reverse and remand for re-sentencing.

## FACTS AND PROCEDURAL HISTORY

The facts and the procedural history of this storied case may be summarized as follows. At approximately 9:30 p.m. on November 10, 1982, appellee/defendant, Dynel McMillan, accosted the victim in front of Phyllis's Bar in Philadelphia

and demanded repayment of a five dollar debt allegedly owed by the victim to appellee. When the victim denied the existence of the debt, appellee threatened to "deal" with the victim. The victim then left and went to his grandmother's house. Later that evening, when the victim left his grandmother's house, a gold or tannish Dodge Dart passed him and skidded to a stop. Appellee jumped out of the car from the back seat, produced a revolver, and fired several shots at the victim. The victim ran back to his grandmother's house attempting to avoid the gun fire. He was struck once in the right buttocks.

The victim called the police, reported the incident, and was taken to the hospital. He remained in the hospital for four days, during which time an unsuccessful surgical attempt was made to remove the bullet. In his initial report to the police he did not reveal that he knew and could identify his assailant. Later, however, he identified appellee as his attacker and explained to the police that when he made his initial report he was afraid that if he identified appellee as his assailant, appellee would have attacked him again.

Appellee was arrested on November 17, 1982. Following a preliminary hearing on December 21, 1982, appellee was held for trial on charges of aggravated assault, recklessly endangering another person, carrying a firearm on a public street, carrying a firearm without a license, and possession of an instrument of crime. On January 3, 1983, the Commonwealth served appellee, and filed with the trial court, a written notice of its intent to seek the application of the mandatory minimum sentence provisions of 42 Pa.C.S.A. § 9712.

On August 4, 1983, following a jury trial, appellee was convicted of aggravated assault and possessing an instrument of crime. The remaining charges were nol prossed. On January 9, 1984, after a hearing, post-verdict motions were denied. At the hearing, appellee raised constitutional challenges to the application of the mandatory minimum sentence provisions of 42 Pa.C.S.A. § 9712. The court did

not immediately decide appellee's constitutional challenges but held them under advisement.

On January 30, 1984, the trial court sustained appellee's constitutional challenges to 42 Pa.C.S.A. § 9712, and sentenced appellee to a term of imprisonment of three to ten years. The Commonwealth filed a motion to reconsider sentence, arguing that the trial court erred in refusing to impose the mandatory minimum sentence of five years imprisonment required by 42 Pa.C.S.A. § 9712 and specifically challenging the trial court's conclusion that the statute was unconstitutional. The motion was denied without a hearing. The trial court filed an opinion in support of judgment of sentence on February 7, 1984.

On February 24, 1984, the Commonwealth filed a timely notice of appeal to our Supreme Court. On February 29, 1984, appellee filed a timely notice of cross-appeal to this Court. On June 10, 1985, our Supreme Court filed its opinion reversing the trial court's determination that 42 Pa.C.S.A. § 9712 was unconstitutional, vacating sentence, and remanding for resentencing in accordance with 42 Pa.C. S.A. § 9712. *Commonwealth v. Wright*, 508 Pa. 25, 494 A.2d 354 (1985). On June 13, 1985, this Court, *sua sponte*, dismissed appellee's appeal from the then vacated judgment of sentence without prejudice to appellee's appellate rights following resentencing. Appellee sought and was granted *certiorari* review in the United States Supreme Court which affirmed the decision of our Supreme Court by opinion filed June 19, 1986. *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986).

On September 18, 1986, appellee filed a petition for reconsideration of the January 9, 1984, order denying post-verdict motions in the trial court. Appellee requested a new trial based upon the change in the law, announced during the pendency of appellee's appeals, regarding the substantive use of prior inconsistent statements. *See Commonwealth v. Brady*, 510 Pa. 123, 507 A.2d 66 (1986) (filed March 26, 1986). A hearing was held and briefs were submitted by appellee and the Commonwealth. On November 12, 1986,

the trial court granted the motion for reconsideration and awarded appellee a new trial based on its conclusion that *Brady, supra,* applied and that the failure to instruct the jury that evidence of the victim's prior inconsistent statement could be used as substantive evidence and not merely as impeachment evidence constituted reversible error. The Commonwealth filed timely notice of appeal to this Court.

■ Although an order granting appellee a new trial is an interlocutory order, the Commonwealth may, nevertheless, appeal as of right "where the Commonwealth claims that the lower court committed an error of law." Pa.R.A.P. 311(a)(5); *see also Commonwealth v. Melton,* 406 Pa. 343, 178 A.2d 728 (1962); *Commonwealth v. Coleman,* 367 Pa.Super. 108, 114–21, 532 A.2d 477, 480–83 (1987). As will be seen *infra,* both of the Commonwealth's contentions on appeal allege errors of law by the trial court. We thus conclude that the Commonwealth's appeal is properly before this Court for review.

## I.

The Commonwealth's first contention is that the trial court lacked authority to reconsider the January 9, 1984 order denying post-verdict motions. The Commonwealth argues that pursuant to 42 Pa.C.S.A. § 5505 the trial court lost authority to modify or rescind the order denying post-verdict motions thirty days after its entry. The Commonwealth argues further that the trial court violated 42 Pa.C. S.A. § 706 [1] and Pa.R.A.P. 2591(a) [2] in failing to resentence appellee as directed by our Supreme Court. Finally, the Commonwealth argues that, under existing case law, the

1. Pursuant to 42 Pa.C.S.A. § 706, "An appellate court may affirm, modify, vacate, set aside or reverse any order brought before it for review, and may remand the matter and direct the entry of such appropriate order, or require such further proceedings to be had as may be just under the circumstances."

2. Pursuant to Pa.R.A.P. § 2591(a), "On remand of the record the court or other government unit below shall proceed in accordance with the judgment or other order of the appellate court and, except as otherwise provided in such order, Rule 1701(a) (effect of appeals generally) shall no longer be applicable to the matter."

reconsideration of alleged trial errors is not permitted on remand for resentencing; the Commonwealth cites *Commonwealth v. Gaito*, 277 Pa.Super. 404, 419 A.2d 1208, 1211–12 (1980) (defendant not permitted to raise alleged trial errors on remand for resentencing), and *Commonwealth v. Speelman*, 235 Pa.Super. 109, 115 n. 4, 341 A.2d 138, 141 n. 4 (1975) (resentencing in no way affects the underlying conviction).

Appellee responds that the trial court, in fact, had authority to reconsider the January 9, 1984 order denying post-verdict motions. Appellee argues that 42 Pa.C.S.A. § 5505 applies only to final orders and does not apply to interlocutory orders such as the denial of post-verdict motions; appellee cites *Commonwealth v. Bowden*, 456 Pa. 278, 309 A.2d 714 (1973), *Commonwealth v. Baker*, 352 Pa.Super. 260, 507 A.2d 872 (1986), and *Commonwealth v. Parker*, 305 Pa.Super. 516, 451 A.2d 767 (1982) (Lipez, J., concurring). Appellee argues further that 42 Pa.C.S.A. § 706 and Pa.R.A.P. 2591(a) were not violated as the remand orders of our Supreme Court and this Court are silent on the question of whether post-verdict motions may be reconsidered. Finally, appellee argues that to delay consideration of appellee's *Brady* issue until a new sentence is imposed and direct appeal is taken to this Court would be unjust.

The trial court embraced the appellee's arguments and granted appellee a new trial. For the reasons which follow, we agree with the trial court's conclusion that it had authority to reconsider appellee's timely filed post-verdict motions following remand for resentencing.

## A.

The Commonwealth's reliance on 42 Pa.C.S.A. § 706 and Pa.R.A.P. 2591(a) is misplaced. The statute and the rule provide no more (and no less) than a basic requirement that the trial court obey the directive of an appellate court in proceedings on remand. We agree with appellee and the trial court that neither the order of our Supreme Court nor the order of this Court provides any directive, express or

implied, on the subject of whether reconsideration of the order denying post-verdict motions could be granted. Consequently, we find that the statute and rule cited provide no support for the Commonwealth's contention.

Likewise, we find the Commonwealth's reliance on *Commonwealth v. Gaito, supra,* misplaced. In *Gaito,* this Court held that a defendant could not raise alleged trial errors for the first time in proceedings in the trial court following remand for resentencing, because the issues had not been properly preserved by timely post-verdict motions pursuant to Pa.R.Crim.P. 1123. In the instant case, appellee claimed that his challenge was preserved in a timely post-verdict motion; he sought reconsideration rather than consideration in the first instance *nunc pro tunc.*

The Commonwealth's reliance upon the *dictum* in *Commonwealth v. Speelman,* 235 Pa.Super. 109, 341 A.2d 138 (1975), that, "[r]esentencing in no way affects the underlying convictions," is also misplaced. Upon tracing the *Speelman dictum* to its original source, we discover that it stands for the historically interesting but rather uncontroversial proposition that if an accused is properly convicted but is thereafter sentenced illegally, an appellate court may correct the sentence or remand for resentencing, and need not vacate the conviction and discharge the prisoner. *Beale v. Commonwealth,* 25 Pa. 11, 13 & 22 (1855); *see also Commonwealth v. McCord,* 116 Pa.Super. 480, 176 A. 834 (1935); *Commonwealth v. Camwell,* 89 Pa.Super. 339 (1926); *Commonwealth v. Fetterman,* 26 Pa.Super. 569 (1904). We find the *Speelman dictum* to have no bearing on the issue presented for review.

We agree with the Commonwealth that *Commonwealth v. Shenkin,* 337 Pa.Super. 517, 487 A.2d 380 (1985) and *Commonwealth v. Meadows,* 471 Pa. 201, 369 A.2d 1266 (1977) are equally inapposite. In *Shenkin* and *Meadows,* consideration of the accused's motion for a new trial on remand was expressly directed by this Court (following our decision to vacate an arrest of judgment) because the trial court did not rule on the accuseds' alternate claims for a

new trial when arrest of judgments were originally granted. These cases are both factually distinguishable in material respects from the instant case and are clearly inapposite.

▮ We agree with appellee and the trial court that 42 Pa.C.S.A. § 5505 does not apply to interlocutory orders, and that prior to entry of judgment of sentence the thirty day limit does not apply to reconsideration of interlocutory orders. *See Commonwealth v. Bowden, supra,* 309 A.2d at 716–17 & nn. 2–3; *Commonwealth v. Baker, supra,* 507 A.2d at 876; *Commonwealth v. Parker, supra,* 451 A.2d at 772 & n. 4 (Lipez, J., concurring). On the other hand, it is well-settled that the trial court loses all power to alter its orders, final or interlocutory, thirty days from entry of judgment of sentence unless an order granting reconsideration is granted within that thirty day period. *See* Pa.R.A.P. 1701(a) and 1701(b)(3); *see also Commonwealth v. Tabb,* 417 Pa. 13, 207 A.2d 884 (1965).

## B.

▮ Under Pa.R.A.P. 1701(a), the trial court is barred from reconsidering interlocutory orders, like those disposing of timely filed post-verdict motions, during the pendency of the appeal except as expressly permitted pursuant to Pa.R.A.P. 1701(b-c). Upon remand, however, the bar to reconsideration imposed by Pa.R.A.P. 1701(a) is expressly removed by Pa.R.A.P. 2591(a) which provides:

Rule 2591. Proceedings on Remand.

(a) General Rule. On remand of the record the Court ... below shall proceed in accordance with the judgment or other order of the appellate court and, *except as otherwise provided in such order, Rule 1701(a)* (effect of appeals generally) *shall no longer be applicable to the matter.*

(Emphasis added). Thus, Pa.R.A.P. 1701(a) merely suspends the trial court's authority to reconsider timely filed post-verdict motions. In absence of express direction to the contrary in the remand order, the suspension is automatically removed by Pa.R.A.P. 2591(a) upon remand, and the

parties are returned to the positions they held immediately prior to imposition of sentence. As neither remand order in this case expressly restricted the trial court's authority to reconsider the timely filed post-verdict motions, we find no error in the trial court's determination that it had jurisdiction and authority to do so.[3]

## II.

The Commonwealth also contends that, even if the court had jurisdiction and authority to reconsider the post-verdict motions, the trial court erred in granting appellee a new trial. The Commonwealth asserts that appellee failed to preserve an objection on *Brady* grounds, and, alternatively, that any error concerning the *Brady* issue was harmless. Appellee argues that the Commonwealth abandoned these assertions at oral argument, and that prejudicial error requiring a new trial was committed. The trial court adopted both of appellee's arguments; we, on the other hand, reject both and agree with the Commonwealth that the order granting appellee a new trial must be reversed.

## A.

In accordance with the law at the time of the trial, the jury was instructed that the victim's prior inconsistent statements could be considered only on the issue of credibility and could not be considered as substantive evidence. (N.T. 8/4/83 at 3, 4); *Commonwealth v. Waller,* 498 Pa. 33, 444 A.2d 653 (1982). After trial and while this case was

---

**3.** Appellee argued that if the trial court were without jurisdiction or authority to reconsider the post-verdict motions the delay occasioned by appellate review of a valid claim might result in an undue burden on an appellant. While we find the trial court had jurisdiction and authority to reconsider the timely filed post-verdict motions filed in the instant case, we note that where the trial court is without jurisdiction to correct an erroneous ruling or decision, it may nonetheless confess error in its Pa.R.A.P. 1925(a) opinion and this Court may *in its discretion* remand the case to the trial court for reconsideration. *See Commonwealth v. Gore,* 327 Pa.Super. 294, 475 A.2d 804 (1984); *MNC Corp. v. Mt. Lebanon Medical Center, Inc.,* 294 Pa.Super. 405, 440 A.2d 528 (1982). Such a course of conduct will, of course, tend to minimize the burden on worthy appellants occasioned by the logistic and temporal necessities of orderly appellate review.

being appealed on the issue of the constitutionality of 42 Pa.C.S.A. § 9712, our Supreme Court handed down its decision in *Commonwealth v. Brady, supra,* which overruled *Commonwealth v. Waller, supra,* and declared that under certain circumstances prior inconsistent statements could be treated as substantive evidence. The Commonwealth concedes that it has waived any challenge to the retroactive application of *Brady* to any case still pending on direct appeal in which a challenge to a jury instruction on *Brady* grounds was properly raised and preserved. (Commonwealth's Brief at 13 n. 7).

■ Appellee contends, however, that the Commonwealth waived not only its challenge to the retroactivity of *Brady,* but also any challenge to the assertion that appellee was entitled to a new trial based on *Brady.* Appellee cites isolated excerpts from the hearing on appellee's motion and contends that it establishes the waiver of all grounds other than the Commonwealth's jurisdictional challenge. (N.T. 11/12/86 at 2).[4]

4. Appellee's argument in this regard is as follows:
   In his opinion, Judge Goldman wrote
      ... the Commonwealth stated during oral argument that its objection was limited to a jurisdictional one. The Commonwealth essentially acknowledged defendant's entitlement to a new trial, but insisted that he must appeal to the Superior Court to get it. (Opinion p. 4).
   Judge Goldman's conclusion that the district attorney limited the question to the jurisdictional issue is amply supported by the record of the argument. At the outset it was clear that the district attorney conceded that she could not argue the substantive issue.
      MS. SWEENEY: I am not going to argue that, Judge. I can't. It pains me to say that, but I can't under the case law. (N.T. 11/12/86, 2).
   In response to the court's question about the *Gioan* case (an unpublished order applying *Brady* to a case on direct appeal where the issue was preserved), the district attorney limited her argument to the jurisdictional issue.
      THE COURT: When did they consider this *Gioan* case?
      MS. SWEENEY: I don't know that they did consider it. I know that there was another case of which they were made aware that said the same principle and based upon this case, they told me, even though that case was not precedential, it was not a published Opinion, but they told me based on that principle that I can't argue against it; that *all I can attempt to persuade you is that jurisdiction-*

Upon review of the entire transcript, we cannot agree. While it is clear that the "informal" discussion [5] focused almost exclusively on the jurisdiction issue and that the Commonwealth expressly waived the retroactivity arguments, the fate of the Commonwealth's other arguments is less clear. At least one argument, *i.e.* that any *Brady* error was harmless, was expressly raised after the statement excerpted by appellee was made.[6] On this record, we do not find waiver of the Commonwealth's other contentions at

*ally you don't have the power to accept it.* (N.T. 11/12/86 at 5) (emphasis added).

In light of the finding of the Court and the argument of counsel, the district attorney has abandoned any substantive challenge to the court's decision granting a new trial and has limited appellate review to the jurisdictional issue raised, *supra.*

(Appellee's Brief at 11–12).

5. We note that the transcript includes this opening exchange:

THE COURT: Do you mind talking about this before your client comes?

MS. CHIARELLO: You mean, informally?

THE COURT: I guess informally.

MS. CHIARELLO: I think it is pretty clear, and I spoke to the lawyer out in Pittsburgh on Monday about this case—

THE COURT: I'm talking about the jurisdiction. They are not going to argue that.

MS. SWEENEY: I am not going to argue that, Judge. I can't. It pains me to say that, but I can't under the case law.

(N.T. 11/12/86 at 2). Appellee was not brought in until *after* both the statements excerpted by appellee were made. (N.T. 11/12/86 at 9).

6. The notes of testimony contain the following exchanges:

MS. SWEENEY: No, Your Honor. Then there is another position that I haven't articulated yet, which goes to the fact that counsel had at such great length cross-examined the witness concerning the failure to state who the defendant—who the shooter was.

THE COURT: That's what you are not supposed to argue.

MS. SWEENEY: No, sir. That's what you told me not to argue. That goes to the merits of Brady.

THE COURT: Not really, because there's always a harmless error principle. It doesn't go specifically to the merits of Brady. Certainly, Brady talks about it. Those jurors are like computers. When you tell them it is substantive evidence, it matters to them.

\*    \*    \*    \*    \*    \*

MS. SWEENEY: Your Honor, the Commonwealth also believes, having reviewed the record in this case, that there is harmless error here, so that even if the Court had instructed the jury differently with respect to the prior inconsistent statement, it wouldn't have made a difference.

(N.T. 11/12/86 at 6, 12).

38

argument in the trial court. The Commonwealth raised *specific* contentions in a written memorandum to the trial court, and has specifically raised those contentions in this Court. In absence of a clear abandonment at oral argument (not present here), we will not *imply* abandonment under these circumstances. Hence, we find appellee's reliance upon *Commonwealth v. Urbina,* 290 Pa.Super. 117, 434 A.2d 157 (1981), relating to the effect of abandonment to be misplaced.

B.

The Commonwealth contends that the *Brady* issue was not properly preserved by appellee at trial; we agree.

When a specific objection to the admission of evidence is made at trial, all other reasons for excluding the evidence are waived. *Commonwealth v. McNeal,* 456 Pa. 394, 398, 319 A.2d 669 (1974). Moreover, in determining whether a party should be given the benefit of retroactive application of a change in the law upon a particular issue, the controlling question is whether the reasoning of the new decision was urged as the basis for relief in the trial court by that party; if not, the issue has not been preserved in a manner to warrant retroactive application of the change in the law. *See Commonwealth v. Hernandez,* 498 Pa. 405, 411, 446 A.2d 1268, 1271 (1982).

The objection raised by counsel for appellee at trial was as follows:

MS. CHIARELLO: Your Honor, you gave them a charge, with respect to prior inconsistent statements, that said, 'They were not substantive evidence.'

*However, the statement,* when he was asked, 'Who did this crime?' 'I don't know,' and the circumstances of the pain that he was experiencing, recently uttered after the incident had occurred, *is an excited utterance, and the law says that that's a hearsay exception and that comes in as substantive evidence.*

It was error to charge the jury that *all* prior inconsistent statements could only be viewed, with regard to credibility and not as substantive evidence. Therefore, I would ask you to tell the jury, with regard to those statements, I don't know, that is substantive evidence they can consider.

THE COURT: You have an exception on that.

MS. CHIARELLO: You're overruling my objection?

THE COURT: That's correct.

(N.T. 8/4/83 at 3, 12). (Emphasis added). This objection does not challenge the instruction based upon *Brady* grounds, *i.e.* prior inconsistent statements should *all* be treated as substantive evidence; rather, this objection challenged the charge based upon the ground that this particular prior inconsistent statement was also an excited utterance, and *as an excited utterance should have been treated as substantive evidence.* Thus, the *Brady* issue was waived. *See Commonwealth v. McNeal, supra.* Moreover, as the *Brady* reasoning was not the basis of the challenge preserved by appellee at trial, appellee is not entitled to retroactive application of *Brady. Cf. Commonwealth v. Hernandez, supra.*

### C.

Alternatively, we also agree with the Commonwealth's argument that any error regarding the *Brady* issue was harmless.[7] Under the facts of this case, it made no difference whatsoever whether the prior inconsistent statement was labeled as impeachment evidence or substantive evidence.

In his testimony at trial, the victim admitted that he had told the police he did not know who shot him. (N.T. 8/2/83 at 1.20). He explained that he did not identify appellee initially because he was scared. (N.T. 8/2/83 at 1.20–1.21). The issue for the jury to decide was whether the victim's in-court explanation for the statement was credible, not

---

7. As indicated previously, this contention was specifically preserved at oral argument in the trial court.

whether the out-of-court statement was made. *The fact that the prior inconsistent statement was made was not contested.* The jury apparently elected to accept the victim's explanation. Under these circumstances, we can see no way in which the characterization of the prior inconsistent statement as impeachment evidence rather than substantive evidence prejudiced appellee.

■ Moreover, the distinction between substantive evidence and impeachment or corroborative evidence is addressed to the questions of whether the evidence is to be admitted and, if so, whether it may be considered in determining whether a burden of proof or production has been met. *See Commonwealth v. Brady, supra; cf. Commonwealth v. Stohr,* 361 Pa.Super. 293, 314–317, 522 A.2d 589, 600–01 (1987) (Kelly, J., concurring; McEwen, J., joins) (use of prior consistent statement was corroborative, not substantive, where it was not used to establish any of the elements of the offense). In the instant case, the prior inconsistent statement was admitted into evidence and appellee had no burden of proof or production whatsoever; consequently, we find that the trial court abused its discretion in failing to find that the characterization of the prior inconsistent statement was harmless.

## CONCLUSION

Based upon the foregoing, the order granting a new trial is vacated, the verdict is reinstated, and the trial court is directed to proceed to resentence appellee in accordance with this and all prior opinions in this matter. Jurisdiction is relinquished.

ROWLEY, J., files a concurring statement.

ROWLEY, Judge, concurring:

I join in the Order vacating the trial court's order and remanding for resentencing. I also join in all of the Court's opinion with the exception of Section IIC.

Since I agree that the Brady issue was not preserved, I respectfully decline to join in the discussion of "harmless error" relative to that issue.