571 A.2d 1053

**Robert J. TRIFFIN, t/a General Funding, Appellee,**

**v.**

**INTERSTATE FUNDING CO., INC. and Girard Bank.**

**Appeal of GIRARD BANK, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 20, 1989.

Filed Jan. 22, 1990.

Reargument Denied April 3, 1990.

Kenneth C. Frazier, Philadelphia, for appellant.

Robert J. Triffin, appellee, in pro per.

Before TAMILIA, KELLY and CERCONE, JJ.

KELLY, Judge:

This is an appeal from an order denying a petition to open judgment. We remand for further proceedings in the trial court.

On October 19, 1988, an order was entered which denied the petition of Girard Bank (rechartered as Mellon Bank (East) N.A. "Mellon") to open judgment. This timely appeal was taken from that order.

After thirty days had passed, and without an order vacating the October 19, 1988 order being granted to permit reconsideration, jurisdiction over this issue passed from the trial court and was lodged in this Court. *See Sidkoff, Pincus, Greenberg & Green, P.C. v. Pennsylvania Nation-*

*al Mutual Casualty Insurance Company,* 521 Pa. 462, 555 A.2d 1284 (1989); *Luckenbaugh v. Shearer,* 362 Pa.Super. 9, 523 A.2d 399 (1987) *(en banc); see also* Pa.R.A.P. 903 and 1701.

Nonetheless, on June 13, 1989, an order was entered by the trial court which purported to strike the judgment against Mellon, and which directed that the case be listed for trial. Appellee, Robert J. Triffin, t/a General Funding ("Triffin"), filed timely notice of appeal from that "order." However, that appeal was withdrawn in August, 1989.[1]

■ Under the relevant rules of procedure, the June 13, 1989 order was a nullity. The trial court was without jurisdiction to reconsider its October 19, 1988 order at that late date, while the appeal of that order was pending in this Court. *See Sidkoff, Pincus, Greenberg & Green, P.C. v. Pennsylvania National Mutual Casualty Insurance Company, supra; Luckenbaugh v. Shearer, supra.*[2]

■ Though we can give no effect to the June 13, 1989 order, we deem it appropriate to remand this case to the trial court for reconsideration of the October 19, 1988 order, in light of the trial court's apparent change of position on the motion. *Cf. MNC Corp. v. Mt. Lebanon Medical Center, Inc.,* 294 Pa.Super. 405, 440 A.2d 528 (1982); *accord Commonwealth v. McMillan,* 376 Pa.Super. 25, 35 n. 3, 545 A.2d 301, 306 n. 3 (1988); *Commonwealth v. Gore,* 327 Pa.Super. 294, 475 A.2d 804 (1984). In *MNC Corp. v. Mt. Lebanon Medical Center, Inc., supra,* the trial court, recognizing that jurisdiction over its order denying a petition to open judgment has passed to this Court, confessed

---

1. Two other appeals were filed by Triffin from orders entered June 13, 1989 which were subsequently withdrawn in August of 1989. *See* Order entered June 13, 1989 denying Triffin's petition for reconsideration to stay execution as moot; appeal filed June 23, 1989; and Order entered June 13, 1989 placing Triffin's petition for establishment of a constructive trust on trial list; appeal filed June 23, 1989.

2. This is true even though the trial court retained jurisdiction to proceed as to all matters *other than the interlocutory order appealed. See* Pa.R.A.P. 1701(b).

error in its Pa.R.A.P.1925 opinion. We exercised our discretion and remanded to permit reconsideration.

The situation here is similar but concededly more complicated and less clear. In this case, a judge of the same court has entered an invalid order which purported to strike judgment and list the case for trial, despite the prior order of a different judge of the same court denying the motion to strike judgment. The original order denying the motion to strike is supported by an opinion which concluded that a "fatal defect in the record" warranting the striking of the judgment was not established. No opinion in support of the invalid June 13, 1989 order is included in the record here on appeal. The situation here is plainly more complicated and less clear than the trial court's simple confession of error in *MNC Corp.;* however, we nonetheless conclude that the apparent conflict in the trial court as to the proper disposition of the motion to strike judgment should be considered and resolved in the trial court prior to consideration of the issue by this Court. We note that it is for the trial court, initially, to resolve any "law of the case" implications of its reconsideration of the October 19, 1988 order. *Cf. Salerno v. Philadelphia Newspapers, Inc.,* 377 Pa.Super. 72, 546 A.2d 1168 (1988).

Case remanded to permit reconsideration of the October 19, 1988 order. The June 13, 1989 order shall be deemed a nullity.

Jurisdiction is relinquished.