**Wanda S. HENNINGER, Appellant,**

v.

**STATE FARM INSURANCE CO., Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 23, 1998.

Filed Nov. 6, 1998.

Thomas P. Lang, York, for appellant.

Lauralee B. Baker-Starr, Harrisburg, for appellee.

Before JOHNSON, HUDOCK and HESTER, JJ.

HUDOCK, Judge:

This is an appeal from the trial court's entry of summary judgment in favor of State Farm Insurance Company (State Farm). We reverse.

The facts and procedural history can be summarized as follows: On November 12, 1992, Wanda S. Henninger (Henninger) was injured in an automobile accident. Because Henninger was insured pursuant to a motor vehicle insurance policy issued by State Farm, she presented it with claims for first-party medical and wage loss benefits. State Farm denied these claims. Consequently, on October 18, 1994, Henninger filed a complaint alleging that State Farm improperly denied her claims. She later amended the complaint, alleging that State Farm's denial of benefits had been made in bad faith.

Thereafter, on December 20, 1996, State Farm filed a motion for summary judgment with the trial court. Henninger responded with a brief in opposition to summary judgment on January 17, 1997. The trial court granted summary judgment with respect to all of Henninger's claims on January 18, 1998. In her opinion, the trial judge indicated that Henninger had identified a genuine issue of material fact with respect to the question of whether her treatment had been medically reasonable or necessary. Trial Court Opinion, 1/22/98, at 5. She granted State Farm's motion, however, because Henninger "failed to identify evidence in the record which supports her assertion." *Id.*

In order to preserve her appellate rights, Henninger filed both a motion for reconsideration with the trial court and a direct appeal to this Court. Along with her motion for reconsideration, Henninger provided the trial court with excerpts from the deposition transcripts of her treating physicians. She also requested the York County Prothonotary to file these transcripts as of record. The trial court did not act on the motion for reconsideration.[1]

In her appeal, Henninger alleges that the trial court erred as a matter of law when it granted summary judgment in favor of State Farm with respect to her claim for

---

1. Despite the trial court's failure to act on the motion for reconsideration, this appeal is properly before us. When a party files both a motion for reconsideration with the trial court and a notice of appeal with this Court, the trial court has thirty days to act on the motion. After that time, the trial court is divested of jurisdiction. *See* Pa.R.A.P. 903, 1701; *Triffin v. Interstate Funding Co.,* 391 Pa.Super. 551, 571 A.2d 1053, 1054 (Pa.Super.1990).

first-party medical benefits.[2] Summary judgment in Pennsylvania is controlled by Rule of Civil Procedure 1035. In pertinent part, that rule provides:

> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law
>
> > (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report[.]

Pa.R.C.P. 1035.2(1). Even where there are genuine material issues of fact, however, Rule 1035.3 provides that

> (a) The adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying
>
> > (1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion *or* from a challenge to the credibility of one or more witnesses testifying in support of the motion[.]

Rule 1035.3(a)(1) (emphasis added). When presented with a challenge to an order granting summary judgment, we consider the record in the light most favorable to the non-moving party, resolving all doubts as to the existence of a genuine issue of material fact against the moving party. *Borden, Inc. v. Advent Ink Co.*, 701 A.2d 255, 258 (Pa.Super.1997). Our scope of review is plenary. *Id.*

■ Instantly, the trial judge noted that Henninger had identified a material issue of fact but concluded that Henninger had not supported it with citations to evidence in the record. Conversely, Henninger claims that she established **and** supported a material issue of fact. Henninger advances her argument on two different fronts.[3] She first argues that the deposition transcripts of her treating physicians, Drs. Earl J. Wenner and Gary Czulada, which she attached to the motion for reconsideration, support her claim that the medical treatment she received was reasonable and necessary.

Rule 1035.3 is clear; a party opposing a motion for summary judgment cannot rely upon her pleadings. In order to avoid summary judgment, the rule indicates that the party opposing the motion must identify record evidence supporting an assertion of a material issue of fact in a timely fashion. Pa.R.C.P. 1035.3(a)(1). Here, State Farm filed its motion for summary judgment on December 20, 1996. As of that date, Henninger had thirty days during which she could have brought to the trial court's attention any evidence supporting her brief in opposition to State Farm's motion for summary judgment. Pa.R.C.P. 1035.3(a). Our careful review of the record demonstrates that Henninger did not avail herself of the opportunity to present such evidence in the thirty days following the filing of State Farm's motion. Thus, it is clear that Henninger failed to adequately support her opposition brief with additional evidence.

The fact that Henninger later attached the deposition transcripts of Drs. Wenner and Czulada to her motion for reconsideration or that she filed them with the York County Prothonotary on January 26, 1998, does not change our conclusion. The depositions of Drs. Wenner and Czulada took place on June 11 and November 21, 1996, respectively. There is no record evidence indicating that the transcripts of these depositions were unavailable to Henninger when State Farm filed its summary judgment motion on December 20, 1996. Because Henninger filed

---

**2.** Henninger does not challenge summary judgment with respect to her claims for first-party wage loss benefits and bad-faith damages. *See* Henninger's Brief at 5.

**3.** Henninger additionally asserts that State Farm had a responsibility to produce the deposition transcripts of Drs. Wenner and Czulada when it filed its motion for summary judgment. As State Farm properly notes, such an argument has no basis in either our Rules of Civil Procedure or case law. *See* Pa.R.C.P. 1035.2(2); *Ertel v. Patriot–News Co.*, 544 Pa. 93, 674 A.2d 1038 (1996) (stating that Rule 1035 does not require that the moving party introduce evidence on an issue on which it does not bear the burden of proof). Therefore, this assertion will not be considered instantly.

the deposition transcripts after the thirty-day window that Rule 1035.3 provides had closed, they were filed in an untimely manner. Consequently, the deposition transcripts cannot be considered with reference to whether Henninger adequately supported her opposition brief.

■ Second, Henninger claims that she established a material issue of fact by impugning the credibility of State Farm's witnesses. State Farm's motion for summary judgment with respect to Henninger's claim for medical benefits solely relied upon the evaluation of two doctors. The reports of these doctors indicated that Henninger's care and treatment was unreasonable and unnecessary. *See* Motion of Defendant, State Farm Mutual Automobile Insurance Company, for Summary Judgment, filed 12/20/96, at 10–13. Henninger notes, however, that these two doctors were associated with a Peer Review Organization (PRO) retained by State Farm pursuant to Section 1797(b)(1) of the Vehicle Code.

The Pennsylvania Supreme Court, in *Terminato v. Pennsylvania Nat'l. Ins. Co.*, 538 Pa. 60, 67, 645 A.2d 1287, 1291 (1994), has explained that a "PRO does not accept and review conflicting medical evidence proffered by an insured or provider.... Only the insurer participates in the peer review process." Moreover, the Court added, "[t]he detachment and neutrality required of a factfinder is conspicuously absent in the contractual relationship between a PRO and an insurer." *Id.* Finally, it continued:

> "**A PRO is not a neutral body.** While a PRO cannot be owned by or be otherwise affiliated with the insurance company ... the law provides for the insurance company to select the PRO that will review the claim. The insurance company initially pays the PRO for its services. The insured plays no role in the selection process. Obviously, PROs have a strong financial incentive to appear fair in the eyes of the insurance company. Otherwise, the insurance company will take its business elsewhere. On the other hand, the PRO is not concerned with how the insured views the PRO because this will not affect its future business."

*Id.* (quoting *Harcourt v. General Accident Insurance Company*, 419 Pa.Super. 155, 615 A.2d 71, 78 (Pa.Super.1992) (emphasis added)).

■ Under Pennsylvania law, only the jury is empowered to pass on matters of credibility. Consequently, summary judgment should not be granted where it requires the unquestioned acceptance of the testimony of the moving party's witnesses. *Pennsylvania Gas & Water Co. v. Nenna & Frain, Inc.*, 320 Pa.Super. 291, 467 A.2d 330, 334 (Pa.Super.1983) (citing *Nanty–Glo Borough v. American Surety Co.*, 309 Pa. 236, 163 A. 523 (1932); *Ritmanich v. Jonnel Enters., Inc.*, 219 Pa.Super. 198, 280 A.2d 570 (Pa.Super.1971)). Moreover, **due to the credibility of their makers**, even uncontradicted affidavits of the moving party or its witnesses cannot support a grant of summary judgment. *Godlewski v. Pars Mfg. Co.*, 408 Pa.Super. 425, 597 A.2d 106, 110 (Pa.Super.1991).

Henninger acknowledges that the precise issue presented by this case was not before the *Terminato* Court. However, she contends that the essential holding of *Terminato*, that PROs have an inherent bias in favor of the insurer, applies equally to the instant case. Moreover, she claims that this fact, which was brought to the trial court's attention, supports a conclusion that she identified "one or more issues of fact arising ... from a challenge to the credibility of one or more witnesses testifying in support of the motion." *See* Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment, filed 1/17/97, at 6–7; Pa.R.C.P. 1035.3(a)(1).

After a careful review of the record, we agree and, accordingly, reverse the trial court's entry of summary judgment in favor of State Farm. The holding of our Supreme Court in *Terminato* clearly establishes that PROs are not neutral factfinding bodies. As a result, the reliability of conclusions drawn by doctors retained by PROs may be suspect. Consequently, the trial court erred in concluding that summary judgment was proper. The credibility of the PRO doctors is a factual issue that should be decided, under Pennsylvania law, by a jury.

We emphasize that our holding today is strictly limited to the facts of the instant case. Here, with regard to Henninger's claim for first-party medical benefits, **State Farm solely relied upon the PRO reports** in support of its summary judgment motion. While the two PRO doctors are not, strictly speaking, witnesses of State Farm, they are not independent witnesses either. Consequently, we believe that *Terminato* requires us to accord PRO doctors a status akin to that of the insurer's own witnesses. Given that conclusion, the credibility of the doctors presents a genuine issue of material fact that Henninger should have been allowed to develop at trial.

Order reversed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.